(No. 2740.   April 12, 1923.)

## STATE ex rel. WHITTIER v. SAFFORD, State Auditor.

### SYLLABUS BY THE COURT

1. When the constitutionality of a statute is involved, the courts prefer and desire to give it effect by holding it to be constitutional, as it is enacted by a co-ordinate branch of the government.  In doubtful cases it is held to be constitutional, and it is only when it is clearly violative of the Constitution that it is so held by the courts.          P. 534

2. The primary object of section 16 of article 4 of the state Constitution was to protect the state treasury against legislative raids, by prohibiting the insertion of special appropriations for new purposes, in a general appropriation bill, and also to prevent general legislation, not connected with providing the expenses of the government, to be included therein.                                             P. 534

3. Such constitutional provision does not forbid nor preclude the insertion in the general appropriation bill of provisions for the expenditure of the money so appropriated, as they are mere matters of detail which are naturally and logically connected with and germane to the subject of appropriations of money.                   '              P. 534

4. A statute, which is a part of a general appropriation bill, is not void as establishing a general and permanent policy, where the appropriation bill, of which it is a part, provides that the same shall be permanent and continuous unless modified or repealed by subsequent legislation. P. 535

Appeal from District Court, Santa Fe County; Holloman, Judge.

Mandamus by the State, on the relation of Arthur G. Whittier, against Edward L. Safford, State Auditor, to compel defendant to pay voucher for plaintiff's traveling expenses as traveling auditor. From an order dissolving the alternative writ, plaintiff appeals. Affirmed.

David E. Grant, of Santa Fe, for appellant.

H. S. Bowman, Atty. Gen., for appellee.

OPINION OF THE COURT.

BRATTON, J.  Appellant is the duly qualified and acting traveling auditor, having been appointed to such position by the Governor under the provisions of chapter 186, Laws 1921.  As such, he presented to the appellee, who is the duly elected, qualified, and acting state auditor a voucher in the sum of $6.50, covering his expenditure of money for one day's lodging and subsistence while absent from his home upon official business.  The appellee refused payment of such account, and this suit was instituted in the court below to compel, by mandamus, the payment thereof.  An alternative writ of mandamus issued, to which appellee answered admitting the facts pleaded by the appellant,

but justifying his refusal to pay said account by the fact that it exceeded the maximum for such expense allowed by section 7, c. 206, Laws 1921. Upon a hearing the alternative writ was dissolved, from which this appeal has been perfected.

Appellant concedes that his account exceeds the maximum permitted under the terms of the statute referred to, but asserts that such statute is unconstitutional in that it is a part of the general appropriation bill of the Fifth regular session of the Legislature and violates section 16 of article 4 of the state Constitution. The statute referred to is in the following language:

"No appropriation shall be paid pursuant to this act, except upon vouchers submitted to and approved by the state auditor, duly sworn to and accompanied by such receipts and other evidences that the expenditures herein authorized to be made have been made, as the auditor shall require. No officer or employee of the state shall be allowed or paid any sum for transportation, lodging or subsistence, except when traveling on duty from his designated post of duty, nor in excess of necessary traveling expenses actually incurred and paid. No allowance shall be made for lodging and subsistence in excess of five ($5.00) dollars per day nor for transportation except by the shortest traveled route, and, in the case of subordinates, only upon the written order of the head of the department, directing such travel, attached to the voucher. All expenses for such purposes shall be allowed only when incurred and paid in conformity with rules and regulations to be issued by the state traveling auditor who is hereby authorized and directed to issue such rules and regulations."

The section of the Constitution which appellant asserts is violated thereby is as follows:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. General appropriation bills shall embrace nothing but appropriations for the expenses of the executive, legislative and judiciary departments, interest, sinking fund, payments on the public debt, public schools, and other expenses required by existing laws; but if any such bill contain any other matter, only so much thereof as is hereby forbidden to be placed therein shall be void. All other appropriations shall be made by separate bills."

[1] It may not be amiss to state at the outset the general rule universally proclaimed that courts hesitate to declare statutes unconstitutional; they are enacted by a co-ordinate branch of the government, and it is always desired and preferred to give them effect. In doubtful cases their constitutionality is favored, and it is only when they are clearly violative of the Constitution that the courts so construe them: Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162; Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606; Cooley on Constitutional Limitations (7th Ed.) p. 254; State ex rel. v. Marron, 17 N. M. 304, 128 Pac. 485; State ex rel. v. Sargent, 18 N. M. 131, 134 Pac. 218.

[2, 3] The object and purpose of the constitutional provision quoted was to protect the treasury against legislative raids by the insertion of special appropriations for new purposes in a general appropriation bill where they might easily pass unnoticed. When careful consideration of such items upon their merits, which might be had if presented separately, would result in their defeat by reason of their doubtful strength. The further purpose was to prevent the passage of general legislation as a part of such bill, which in no way was connected with the subject of making provision for the expenses of the government. The term "general appropriation bills shall embrace nothing but appropriations," as used, means that no appropriations other than those specified shall be valid if placed in such general appropriation bill. To sustain appellant's contention would result in holding that nothing but bare appropriations shall be incorporated in such general appropriation bill. This is neither the purpose nor spirit of the constitutional provision under consideration. The details of expending the money so appropriated, which are necessarily connected with and related to the matter of providing the expenses of the government, are so related, connected with, and incidental to the subject of appropriations that they do not violate the Constitution if incorporated in such general appropriation bill. It is only such matters as are foreign, not related to, nor connected with such subject, that are

forbidden. Matters which are germane to and natural-
ly and logically connected with the expenditure of the
moneys provided in the bill, being in the nature of
detail, may be incorporated therein. Otherwise every-
thing connected with the expenditure of money pro-
vided in the general appropriation bill would have to
be provided in separate and special acts of the Legis-
lature—a condition which was never intended.

This question has been thoroughly and completely
disposed of in the case of State ex rel. v. Marron,
supra. There the general appropriation bill of 1912
made certain appropriations for the erection of build-
ings connected with certain state institutions, and
further provided for the issuance of certificates of in-
debtedness in anticipation of the funds so provided, pre-
scribing the form thereof with the rate of interest
they were to bear. The same objection here urged
against the act of 1921 was there urged against that
part of the general appropriation bill of 1912, but this
court declared the same to be valid as being incidental
to the matter of appropriations. It was there said:

"What vice or evil can there be in making provisions in
such an act, which are incidental to the main fact of the
appropriation? The limitation was imposed upon the main
act of the appropriation and not the matters of detail con-
nected with such appropriations. Numerous states have
provisions similar to that contained in the first part of sec-
tion 16 supra, which require the subject of every bill to be
clearly expressed in its title, and that no bill embracing
more than one subject shall be passed, etc., and the courts
all uniformly hold that any matter germane to the subject
expressed in the title of a bill and naturally related to it, is
valid. When an appropriation is made, why should there not
be included with such appropriation matter germane thereto
and directly connected with it, such as provisions for the
expenditure and accounting for the money. and the means
and methods of raising it whether it be by taxation, or by
some other method? What valid objection can be interposed
to such a course, so long as the Legislature confines the
incidental provisions to the main fact of the appropriation,
and does not attempt to incorporate in such act general
legislation, not necessarily or directly connected with the ap-
propriation legally made, under the restrictions of the sec-
tion in question?"

[4] It is lastly contended by appellant that the act
in question is void because it is not confined to the appro-

priations therein made, but is continuing in effect; that it establishes a general policy to extend beyond the appropriations made in the act of which it is a part. To sustain this contention, appellant relies upon the case of State ex rel. v. Sargent, 18 N. M. 131, 134 Pac. 218 (supra), wherein it was held that the statute then being considered was of a general and permanent character providing for the disposition of moneys to be collected by the insurance department and went beyond the appropriations made in the act of which it was a part. It was further held that if such statute had been limited to the appropriations made in the general appropriations bill, of which it was a part, it would be valid. In the case now before us the general appropriation bill of 1921 is made a general and continuing appropriations act, unless otherwise provided by law. Section 5 thereof is in the following language:

"The same appropriations with the same exceptions and limitations as are made in section 1 of this act for the 11th fiscal year, except those which are for building purposes, are hereby declared to apply and be continued, to and in every fiscal year, subsequent to the 11th fiscal year unless any Legislature subsequent to the one at which this act is passed shall provide otherwise."

Obviously section 7, which is now being attacked does not go beyond the terms of the appropriations therein made. The act is a permanent one and without some change, repeal, or modification by subsequent legislation, it will continue in force and effect.

The trial court was correct in dissolving the alternative writ of mandamus, and the judgment will therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.