[No. 3392. Jan. 28, 1929.]

GRANT et al. v. STATE.

[275 Pac. 95.]

J. A. Lowe and W. J. Eaton, both of Socorro, for plaintiffs in error.

J. Frank Curns, of Santa Fe, and Summers Burkhart, of Albuquerque, for the State.

## OPINION OF THE COURT

PARKER, J. A judgment for taxes was rendered by the district court of Socorro county on April 9, 1928. A writ of error to review the same was sued out of this court on September 27, 1928. A motion to quash the writ of error and dismiss the proceeding has been filed by the state, and it has been argued and submitted.

The motion is based upon the proposition that chapter 133, Laws 1291, under which the tax judgment was obtained, requires an appeal to review any such judgment to be applied for within 20 days after the rendition of the judgment, and section 2 of chapter 93, Laws 1927, limits the time for writs of error to the same time as for appeals. See, also rule IV of this court, which makes the same limitations as to time for suing out writs of error.

We have, then, a case here on writ of error sued out long after the time allowed by the statute and rule of this court, and a motion filed by the defendant in error to quash the writ of error and dismiss the cause on that ground. Plaintiffs in error argue against the motion to dismiss upon two grounds:

It is argued that the limitation as to time of taking an appeal from a tax judgment, prescribed by section 436 of chapter 133, Laws 1921, is not applicable to the judgment in this case, for the reason that the judgment was obtained under the provisions of section 448 of said chapter, which authorizes the separate action for taxes for one or more years, while section 436 of said chapter fixes the

limitation of time to appeal, it is said, from judgments taken against all delinquent taxpayers in a general proceeding against them for taxes for the preceding year only, as provided in the preceding sections of the act. In this contention counsel are mistaken. Section 436 provides that, in case an appeal is desired from any judgment rendered under the provisions of the act, it must be applied for within 20 days after the judgment is rendered. This clearly applies to all forms of tax judgments rendered under any of the provisions of the act.

Counsel for plaintiffs in error argue that section 436 is void, because it violates, it is said, sections 16 and 24 of article 4 of the state Constitution, the pertinent provisions of which are as follows:

Section 16.

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws."

Section 24.

"The Legislature shall not pass local or special laws in any of the following cases: Regulating * * * the practice in courts of justice; * * * the limitation of actions."

The title of chapter 133, Laws 1921, is as follows:

"An act codifying and revising the taxation and revenue laws; prescribing what property shall be subject to taxation, a method for the assessment of property, the levy of taxes, the collection of taxes and the collection of delinquent taxes; creating a State Tax Commission and prescribing its duties and powers; and repealing certain sections and chapters of existing laws and all other laws in conflict with such act."

Counsel for plaintiffs in error urge that so important a matter as curtailing the time for the taking of an appeal in an action for taxes from 6 months, as in ordinary civil cases, to 20 days, after judgment, deserves and requires special mention in the title of the act; otherwise the provision will be void under section 16 of the Constitution above quoted. This clearly discloses a lack of appreciation and understanding of the principle involved. It makes no difference how important a section of the act may be,

the question always being simply whether the provision is fairly within the terms and scope of the title.

In this case it is to be observed that the title purports to give notice that the act is a codification and revision of the taxation and revenue laws. This part of the title alone gives notice of the broad scope of the act. The title then proceeds to give notice that it prescribes what property shall be subject to taxation, the method of assessment of property, the levy of taxes, the method of collection of taxes, and delinquent taxes. It thus appears that the general subject of the act is taxation and revenue. Anything germane to this general subject is clearly within the title.

"The generality of the title is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection. A title does not contain more than one subject if all of its details relate to the same subject."

1 Cooley, Constitutional Limitations (8th Ed.) pp. 297-300.

"The title is not required to be an index to the body of the act, or as comprehensive in matters of detail, but if it fairly indicates the general subject, and reasonably covers all the provisions of the act, and is not calculated to mislead the General Assembly or the people, it is a sufficient compliance with the constitutional requirement. Unless the act contains matters having no proper connection or relation to the title, or the title itself contains subjects having no proper relation to each other, the constitutional provision is not violated. An act having a single general subject indicated in the title may contain any number of provisions, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject, and may be considered in furtherance of such subject by providing for the method and means of carrying out the general object."

Public Service Co. v. Recktenwald, 209 Ill. 314, 125 N. E. 271, 8 A. L. R. 466.

A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose. Provisions reasonably necessary for attaining the object of the act embraced in the title are considered as included in the title. State v. Moore, 76 Ark. 197, 88 S. W. 881, 70 L. R. A. 671. Other numerous citations to cases in jurisdictions all over the United States are collected under the text in Judge Cooley's work on Constitutional Limitations.

We have had this question before this court in several cases, the latest being State v. Miller 33 N. M. 200, 263 P. 510, where the previous cases are collected, and cases from other jurisdictions are cited and quoted from. In that case we held that an act providing for the state licensing of motor vehicles, and regulating the operation, use, and speed thereof on public highways, authorizes the insertion in the act of a section providing for the punishment of persons for operating a motor vehicle upon any public highway when in an intoxicated condition; the principal object of the act being to regulate the operation of these vehicles upon the public highways of the state. In this case the subject of the act is the assessment and collection of taxes. The act makes provision for the bringing of a suit for taxes and delinquent taxes, and provides the procedure therefor, and the time within which an appeal may be taken to this court in such cases. There can be no valid objection urged to this provision. It is germane to the general nature of the subject of the act, and is not calculated to deceive either the members of the Legislature passing the act or the public as to the nature of the legislation. For these reasons we hold the provision to be valid.

It is to be noted that the objection to the title of this act is that the limitations on the time of appeal are not specifically mentioned therein, not that the act contains more than one subject. Such an objection would, however, if made, be unavailing, because, as we hold, there is but one general subject in this act, under which the section complained of naturally and logically falls.

The objection founded upon the provisions of section 24 of the Constitution above quoted is untenable. The act in question is not local or special. It applies to every case of taxation and every attempt to collect by judicial proceeding taxes which have become delinquent. The mere fact that the act limits the time within which to appeal from a tax judgment to 20 days, while in all ordinary civil cases the time is much longer, does not render the act special. State v. A., T. & S. F. R. Co., 20 N. M. 562, 151 P. 305. Counsel call attention to section 3 of

rule XIV of this court, to the effect that motions to dismiss writs of error or appeals will not ordinarily be granted, except upon jurisdictional grounds. But it is upon jurisdictional grounds that this motion is sustained, the writ having been issued by the court after the right of review in this court had expired.

For the reasons stated, the motion to quash the writ of error should be granted, and the cause remanded; and

It is so ordered.

BICKLEY, C. J., and WATSON, J., concur.