

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 20, 1965

Honorable Preston Smith
Lieutenant Governor
Capitol Station
Austin, Texas

Opinion No. C-443

Re: Validity of a "rider" ap-
pearing in the General
Appropriation Bill, House
Bill 12, at Section 4,
page V-33, and purport-
ing to provide for manda-
tory retirement at the age
of seventy (70) of statu-
tory officers and employees
of the State.

Dear Governor Smith:

You have requested an opinion from this office concerning the:

". . . validity of a 'rider' appearing in
the General Appropriation Bill (H.B. 12) at Sec-
tion 4, Page V-33, purporting to provide for
mandatory retirement at age 70 of statutory of-
ficers and employees of the State. Constitution-
al officers, as you will note, are excepted from
its provisions."

Section 4 of Article V of House Bill 12 of the 59th Legis-
lature, the General Appropriation Bill, provides that:

"Sec. 4. LIMITATION OF EMPLOYMENT BEYOND AGE 70.
None of the moneys appropriated in Articles I, II
and III of this Act shall, after September 30, 1965,
be paid as compensation for personal services to any
person over age 70 who holds an appointive public
office or position of public employment, created or
authorized by statutory enactment, and who is eligi-
ble for retirement benefits under any retirement sys-
tem provided by the State of Texas or to which it
contributes. Incumbents of offices or positions cre-
ated by the Constitution of this State are specific-
ally excepted from the provisions of this section.
Moreover, this section shall not prohibit the payment
of compensation, otherwise due, for the month in which
a person becomes 70 years of age. For the purpose of

-2103-

making the prohibition in this section effective, every person who holds an appointive public office or position of public employment for which an appropriation is made in Articles I, II and III hereof, and to which office or position this section does apply, and who is or will become 70 years of age or more by September 30, 1965, shall execute in duplicate, and file as hereinafter provided, a sworn statement on or before September 30, 1965, on a form prescribed by the Comptroller of Public Accounts showing: (1) the month, day and year of his or her birth; (2) the place of birth; (3) the month, day and year when such person became, or will become, 70 years of age; (4) whether on the date shown in the preceding item such person was, or will be, eligible for retirement benefits under a retirement system provided by the State of Texas or to which it contributes; (5) the name or title of the office or position held and of the employing governmental agency; and (6) such other information as the Comptroller may require for the enforcement of this section. One copy of the statement shall be filed with the Comptroller and the other shall be filed with the administrative head or officer or the court, judicial unit, hospital or special school, executive, legislative, administrative, or other governmental department or agency responsible for preparing the payroll on which the name of the affiant appears. Incumbents of offices or positions to which the prohibition in this section applies, and who attain the age of 70 between September 30, 1965 and September 1, 1967, shall execute and file the sworn statement hereinabove described not less than 45 days before the date on which the affiant attains the age of 70. Any person who is required to file the foregoing statement and who, without good cause, fails to do so, shall be conclusively presumed to have neglected the performance of an assigned duty, and pursuant to Article 16, Section 10, of the Constitution of the State of Texas the Comptroller shall not thereafter pay any warrant in favor of such person from any funds, of any character whatsoever, appropriated by this Act. Every person responsible for making up a payroll for the month of October, 1965, shall omit therefrom the names of all persons who were 70 years of age or over on or before September 30, 1965, and to whom this section applies. In making up a payroll for succeeding months in the fiscal years of 1966 and 1967, the

names of all such persons and of those persons
who became 70 years of age during the preceding
month shall be omitted therefrom."

It is well established that general legislation cannot be
included within a general appropriation bill. Moore v. Sheppard,
144 Tex. 537, 192 S.W.2d 599 (1946); Attorney General's Opinions
V-1254 (1951) and WW-96 (1957). In addition, it is also well
established that a "rider" in a general appropriation bill cannot
repeal, modify or amend an existing general law. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913); Linden v.
Finley, 92 Tex. 451, 49 S.W. 578 (1899); State v. Steele, 57 Tex
203 (1882); Attorney General's Opinions No. V-1254 (1951) and
WW-96 (1957).

Article 6252-14, Vernon's Civil Statutes, enacted by the
58th Legislature in 1963, provides that:

"Section 1. It is hereby declared to be the
policy of the State of Texas that no person shall
be denied the right to work, to earn a living, and
to support himself and his family solely because of
age.

"Section 2. No agency, board, commission, department, or institution of the government of the
State of Texas, shall establish a maximum age under
sixty-five (65) years nor a minimum age over twenty-
one (21) years for employment, nor shall any person
who is a citizen of this State be denied employment
by any such agency, board, commission, department or
institution or any political subdivision of the State
of Texas solely because of age; provided, however,
nothing in this Act shall be construed to prevent the
imposition of minimum and maximum age restrictions
for law enforcement peace officers or for fire-
fighters; provided, further, that the provisions of
this Act shall not apply to institutions of higher
education with established retirement programs.

" . . .

"Section 4. The fact that older persons often
meet with resistance to employment solely because of
their age and the further fact that citizens of this
State should be allowed to earn a living, to work,
and to support themselves and their families, and because such persons should not be denied the opportunity of employment by any agency, board, commission,

department, or institution of the government of the State of Texas, creates an emergency . . ." (Emphasis added).

The foregoing general legislation prohibits the various agencies, boards, commissions, departments and institutions of the State of Texas from refusing employment to any person who is a citizen of the State solely because of age. Therefore, the provisions of Section 4 of Article V of House Bill 12 of the 59th Legislature modifies or amends the existing general law set out in the provisions of Article 6252-14, Vernon's Civil Statutes.

In the case of Caldwell v. Board of Regents of the University of Arizona, 54 Ariz. 404, 96 P.2d 401 (1939), the Supreme Court of Arizona had before it the question of the validity of a "rider" in the general appropriation bill enacted by the Legislature of the State of Arizona, which would prohibit a husband and wife being included at the same time on the payrolls mentioned in the general appropriation bill. The court in its opinion, which held such rider was void, stated that:

> "In the case of State v. Angle, Ariz., 91 P. 2d 705, 708, the question again arose as to how far the biennial appropriation bill could contain in its appropriation legislation other than the mere appropriation of money for the purposes set forth thereunder, and we said" '* * * After a careful review of the cases, we think the rule laid down thereby may be stated as follows. The general appropriation bill can contain nothing but the appropriation of money for specific purposes, and such other matters as are merely incidental and necessary to seeing that the money is properly expended for that purpose only. Any attempt at any other legislation in the bill is void. * * *'
>
> " . . .
>
> "We think there can be no question that, as was said in the Grosjean case, supra, 'in the light of its history and of its present setting' it is not a mere incidental and necessary regulation of the expenditure of the moneys appropriated by the many subdivisions of chapter 88, supra, but an attempt to establish certain general qualifications for all state employees whose salaries are paid by authority of the general appropriation bill.

"In the absence of constitutional or statutory disqualification all persons are eligible to public employment whom the appointing officers select, regardless of age, sex, status or other qualifications. People ex rel. v. McCormick, 261 Ill. 413, 103 N.E. 1053, Ann.Cas.1915A, 338. It is a well known fact that *for many years a number of employees of the state, in its various activities, have been husband and wife.* In the absence of the proviso under consideration there is no doubt that marital status is not the slightest legal impediment to the employment of any person by the state. If the proviso is valid it automatically disqualifies one half of our married citizens from such employment. *The question of whether legislation having this purpose and effect is morally just, economically sound, or politically expedient, is not one for the courts to consider.* Whether the legislature may constitutionally enact such legislation in any manner is not necessary for us to determine in the present case. But to hold that legislation having this purpose and far reaching effect is 'merely incidental and necessary to seeing that the money is properly expended for that purpose only' is to substitute the shadow for the substance, and to disregard the purpose and effect of the proviso entirely.

"   . . .

"In the later case of State ex rel. Whittier v. Safford, 28 N.M. 531, 214 P.759, 760, considering the same subject, the court said: '* * * The details of expending the money so appropriated, which are necessarily connected with and related to the matter of providing the expenses of the government, are so related, connected with, and incidental to the subject of appropriations that they do not violate the Constitution if incorporated in such general appropriation bill. It is only such matters as are foreign, not related to, nor connected with such subject, that are forbidden. Matters which are germane to and naturally and logically connected with the expenditure of the moneys provided in the bill, being in the nature of detail, may be incorporated therein. * * *'" (Emphasis added).

In view of the foregoing authorities, we are of the opinion that the "rider" appearing in the General Appropriation Bill,

House Bill 12 of the 59th Legislature, at Section 4, page V-33, which would purport to provide for the mandatory retirement at age seventy (70) of statutory officers and employees of the State of Texas is invalid for the reason that such "rider" would have the effect of repealing or modifying the provisions of Article 6252-14. In addition to the foregoing, we are of the further opinion that the aforesaid "rider" falls within the classification of being general legislation and is, therefore, not properly included within a general appropriation bill.

## SUMMARY

The "rider" appearing in House Bill 12 of the 59th Legislature, the General Appropriation Bill, which purports to provide for mandatory retirement at age seventy (70) of statutory officers and employees of the State is invalid for the reason that it modifies or repeals the provisions contained in Article 6252-14, Vernon's Civil Statutes, and for the further reason that said "rider" is a subject for general legislation and cannot properly be included within a general appropriation bill.

Yours very truly,

WAGGONER CARR
Attorney General

Pat Bailey
Assistant

John Reeves
Assistant

PB:JR:ms

APPROVED:

OPINION COMMITTEE

W. V  Geppert, Chairman
J. C. Davis
John Banks
Marietta Payne
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone