508 P.2d 585

**CITY OF ALBUQUERQUE, Petitioner,**

v.

**Mella GARCIA, Respondent.**

**No. 9531.**

Supreme Court of New Mexico.

April 6, 1973.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Stuart S. Keown, Albuquerque, for petitioner.

Modrall, Sperling, Roehl, Harris & Sisk, Frank H. Allen, Jr., Albuquerque, for respondent.

David L. Norvell, Atty. Gen., James V. Noble, Asst. Atty. Gen., for State Highway Dept., Santa Fe, amicus curiae.

## OPINION

STEPHENSON, Justice.

Plaintiff alleged that she had been negligently injured while a passenger on a city bus driven by Mr. Callahan. On motion by the City, the trial court dismissed as to it on the basis of § 64–25–9, N.M.S.A.1953. Following compliance with Rule 54(b) [§ 21–1–1(54)(b), N.M.S.A.1953] plaintiff appealed. The Court of Appeals reversed. Garcia v. City of Albuquerque, 84 N.M. 168, 500 P.2d 453 (Ct.App.1972). We granted certiorari and reverse the Court of Appeals.

The statute in question is Ch. 192, Laws of 1941, compiled as §§ 64–25–8 and 9, N. M.S.A.1953. The entire act, including its title, is quoted in the Court of Appeals opinion. The Court of Appeals first held that a portion of § 64–25–9, viz:

> "No action shall be brought or entertained in any court of this state against the state or any of its institutions, agencies or political subdivisions for injury or damage caused by the operation of such vehicles, but the action for any such injury or damage shall be brought against the person operating such vehicle at the time of the injury or damage. Every policy of insurance upon such vehicles shall contain a provision that the defense of immunity from tort liability because the insured is a governmental agency or an employee of a governmental agency, or because the accident arose out of the performance of a governmental function, shall not be raised against any claim covered by such policy, * * *"

granted total sovereign immunity except for the person operating the vehicle at the time of the injury or damage. From this premise, it held the act unconstitutional on the ground that its title falls short of compliance with the portion of Article IV, § 16, New Mexico Constitution which states

that the subject of every bill shall be clearly expressed in its title.

Being unsatisfied with the result and the reasoning on which it rests, we granted certiorari.

As to sovereign immunity, that doctrine, insofar as it has been created by courts, seems headed for a deserved repose. Courts and scholars can find little reason for it, and its historical basis is of doubtful validity. This case is not an appropriate one in which to review or reconsider court-created sovereign immunity because the immunity which the court below held had been created stemmed from an act of the legislature.

The Court of Appeals oversimplified the effect of the statute in holding that it created absolute sovereign immunity. Although the court was considering legislature-created immunity, court-created immunity already existed except as to proprietary activities. Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480 (1943). The opinion in Barker had not been handed down when the statute was enacted, but that case merely declared existing law, albeit in a more definitive manner than its predecessors. Even as to torts committed in pursuance of proprietary functions, immunity was not simply created by the statute, although by compliance with it a procedure which amounts to about the same thing is brought about.

For purposes of this case, we will accept the premise that immunity was affected by the statute and in some instances, expanded, and proceed to consider the question of whether Article IV, § 16 was violated by failure to make mention of it in the title of the act.

Article IV, § 16 has often been considered by this court. No useful purpose would be served by reviewing those decisions. We are not disposed to broaden its operation. We approve the guideline stated by the United States Supreme Court in Montclair v. Ramsdell, 107 U.S. 147, 2 S. Ct. 391, 27 L.Ed. 431 (1882):

"The objections should be grave, and the conflict between the statute and the con-

stitution palpable, before the judiciary should disregard a legislative enactment upon the sole ground that it embraced more than one object, or if but one object, that it was not sufficiently expressed by the title."

We said in Grant et al. v. State, 33 N.M. 633, 275 P. 95 (1929):

"A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose. Provisions reasonably necessary for attaining the object of the act embraced in the title are considered as included in the title. (Citation omitted.)"

The title need not set forth details of an enactment.

"Particulars are to be found *in the act*, not in the caption." 1A Sutherland Statutes and Statutory Construction § 18.11 (4th ed. 1972).

■ However the details of a statute must be germane or related to the subject matter expressed in the title.

"This should not cause difficulty, for, 'when the general purpose of the act is declared, the details provided for the accomplishment of that purpose will be regarded as necessary incidents.'" Id.

In City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698 (1960), we said, speaking of the same statute now under consideration, that:

"* * * [t]he law as adopted was intended under the conditions set forth therein to authorize insurance by municipal corporations * * *."

That statement is hard to dispute and, if true, would seem to establish that the statute's subject was insurance rather than sovereign immunity.

■ Our present inquiry, by the literal terms of Article IV, § 16, is whether sovereign immunity was the "subject" of the statute in question. It was not. Sovereign immunity was affected only incidentally. This being so, failure to mention it in the title of the statute does not violate Article IV, § 16. Crosthwait v. White, 55 N.M. 71, 226 P.2d 477 (1951); Bureau of Reve-

nue v. Dale J. Bellamah Corp., 82 N.M. 13, 474 P.2d 499 (1970).

Thus § 64–25–9 is not unconstitutional by reason of any violation of Article IV, § 16.

We find nothing to indicate that either the trial court or the Court of Appeals gave consideration to the effect, if any, of §§ 5–6–18 through 22, N.M.S.A.1953 (Laws 1959, Ch. 333). That act is inconsistent, virtually in its entirety, with §§ 64–25–8 and 9, supra. Did not the later act repeal the earlier by implication? This question poses some rather knotty problems of construction. The question was neither argued nor briefed, and, as matters stand, we will not answer it here. Since the case must return to the trial court in any event, we wish to make it clear that the trial court is at liberty to consider the effect, if any, of §§ 5–6–18 through 22, supra, upon §§ 64–25–8 and 9, supra.

The Court of Appeals is reversed. This case is remanded to the District Court of Bernalillo County for further proceedings consistent with this opinion.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA and MARTINEZ, JJ., concur.