510 P.2d 510

**NATIONAL BUILDING, a Limited Partnership et al., Plaintiffs-Appellants,**

v.

**STATE BOARD OF EDUCATION et al., Defendants-Appellees.**

**No. 9518.**

Supreme Court of New Mexico.

May 25, 1973.

Branch, Dickson & Dubois, Albuquerque, for plaintiffs-appellants.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

MONTOYA, Justice.

Plaintiffs, owners of the property in Albuquerque, New Mexico, known as "The National Building," hereinafter called "appellants," brought an action against the State Board of Education, its Vocational Rehabilitation Division, and various of its officers, hereinafter called "appellees." Appellants allege that appellees breached a contract to lease certain office space and, by reason thereof, are entitled to damages or specific performance of the contract.

After the filing of certain affidavits and requests of admissions, both appellants and appellees filed a motion for summary judgment. The appellees' motion for summary judgment was granted and this appeal ensued.

Appellees entered into a lease with appellants, which commenced on September 15, 1966. The lease provided for, inter alia, a renewal at the end of each state fiscal biennium for four successive bienniums, resulting in a ten-year lease. That portion of the lease pertinent to the issue before us provides:

"4. It is expressly covenanted and agreed, however, that in the event the Legislature of New Mexico fails to make sufficient appropriations for the operation of the agency occupying the said premises, or the Legislature fails to provide sufficient appropriations for the payment of the rentals provided for herein, or in the event the agency occupying such premises is directed to move its offices by virtue of action of the Legisla-

ture of New Mexico or pursuant to order of any Court of competent jurisdiction in any action instituted against said agency or the State of New Mexico or any of the officers or agencies of the State of New Mexico, or in the event the agency occupying these premises is abolished by the Legislature of the State of New Mexico, then Lessee shall have the right to terminate this lease upon sixty days notice in writing by Lessee to the Lessor, prior to the end of any state fiscal biennium, which termination date may not take effect sooner than the end of the first state fiscal biennium following the commencement of this lease."

In 1971 the New Mexico Legislature passed its general appropriations bill, ch. 327, Laws 1971, which provided, inter alia, that:

"* * *. The Department [Vocational Rehabilitation Division of the State Board of Education] shall relocate its Albuquerque office to a site more accessible to its clients."

Pursuant to this provision, appellees vacated the premises which they had leased from the appellants and refused to make further payments under the terms of the lease.

It is appellants' position that the portion of ch. 327, Laws 1971, quoted above, is null and void, being violative of the contract clause of both the federal and state constitutions.

Article I, § 10, Constitution of the United States, provides that "No State shall * * * pass any * * * Law impairing the Obligation of Contracts, * * *." Furthermore, Art. II, § 19, Constitution of New Mexico, states that "No * * * law impairing the obligation of contracts shall be enacted by the legislature."

These constitutional provisions concerning legislative impairment of obligations created by contract are deeply imbedded in our judicial system, and rightly so, but appellants have not demonstrated in what manner ch. 327, Laws 1971, operates to impair the obligation of contract entered into by the respective parties.

Appellants do not deny entering into the lease. By signing, appellants "* * * expressly covenanted and agreed * * * that * * * in the event the agency occupying such premises is directed to move its offices by virtue of action of the Legislature of New Mexico * * * then Lessee shall have the right to terminate this lease * * *."

■ Thus by its very terms, the lease contemplates exactly what came to pass: "* * * the agency occupying such premises * * * [was] directed to move its office by virtue of action of the Legislature of New Mexico * * *." Rather than violate the federal or state constitutional proscription against governmental impairment of contracts, ch. 327, Laws 1971, merely fulfilled one of the terms expressly contracted for by the parties. We, therefore, hold that ch. 327, Laws 1971, does not violate federal or state constitutional provisions impairing the obligation of contracts.

Appellants next contend that the statutory authorization for appellees to vacate the premises as set forth in ch. 327, Laws 1971, is null and void because it violated art. IV, § 16, New Mexico Constitution, which provides that matters contained in the body of the bill must be clearly expressed in the title of the bill and that only appropriations be contained in the general appropriations bill.

Chapter 327, Laws 1971, is entitled with notable generality:

"MAKING GENERAL APPROPRIATIONS AND AUTHORIZING EXPENDITURES FOR LEGISLATIVE, JUDICIAL AND EXECUTIVE AGENCIES, DEPARTMENTS AND INSTITUTION, INTEREST, SINKING FUNDS, PAYMENT OF PUBLIC DEBT, PUBLIC SCHOOLS, PUBLIC BUILDINGS AND OTHER EXPENSES REQUIRED BY LAW FOR THE SIXTIETH AND SIXTY-FIRST FISCAL YEARS AND MAKING DEFICIENCY APPROPRIATIONS FOR THE FIFTY-NINTH FISCAL YEAR."

In City of Albuquerque v. Garcia, 84 N.M. 776, 778, 508 P.2d 585, 587 (1973), we stated:

> "Article IV, § 16 has often been considered by this court. No useful purpose would be served by reviewing those decisions. We are not disposed to broaden its operation. * * *"

Quoting from Grant et al. v. State, 33 N.M. 633, 636, 275 P. 95, 96 (1929), the Court in Garcia, supra, continued:

> " 'A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose. Provisions reasonably necessary for attaining the object of the act embraced in the title are considered as included in the title. [Citation omitted.]' "

In State ex rel. Whittier v. Safford, 28 N.M. 531, 534–535, 214 P. 759, 760 (1923), we stated:

> " * * * . To sustain appellant's contention would result in holding that nothing but bare appropriations shall be incorporated in such general appropriation bill. This is neither the purpose nor spirit of the constitutional provision under consideration. *The details of expending the money so appropriated, which are necessarily connected with and related to the matter of providing the expenses of the government, are so related, connected with, and incidental to the subject of appropriations that they do not violate the Constitution if incorporated in such general appropriation bill. It is only such matters as are foreign, not related to, nor connected with such subject, that are forbidden.* Matters which are germane to and naturally and logically connected with the expenditures of the moneys provided in the bill, being in the nature of detail, may be incorporated therein. Otherwise everything connected with the expenditure of money provided in the general appropriation bill would have to be provided in separate and special acts of the Legislature—a condition which was never intended." (Emphasis added.)

See also State v. State Board of Finance, 69 N.M. 430, 367 P.2d 925 (1961); and State v. State Board of Finance, 59 N.M. 121, 279 P.2d 1042 (1955).

█ For the foregoing reasons, we view the legislature's directive, ordering the Vocational Rehabilitation Division to " * * * relocate its Albuquerque office to a site more accessible to its clients" to be a matter that is germane to and naturally connected with the expenditures of moneys provided by ch. 327, Laws 1971. We further hold that there is no violation of the provisions of art. IV, § 16, New Mexico Constitution, by including the foregoing provision in the general appropriations act.

Finally, appellants allege error in the lower court's determination that the "lease sought to be enforced in this cause violates public policy, and is therefore unenforceable."

Though the court below did not elaborate on the above statement, its decision being an order granting summary judgment, it appears that the public policy determination was based on contentions that were raised in appellees' answer as follows:

> "4. The agreements [the lease] in issue are void inasmuch as a public agency may not enter into a lease for a period of time which extends beyond the period for which legislative appropriations are made.
>
> "5. The agreements [the lease] appropriate to the questions in controversy in this cause are overly restrictive upon the state and its duty to serve her people, and should be declared void as violative of public policy."

█ This Court has held that a public agency may not enter into a lease for a period of time which would extend beyond the period for which legislative appropriations are made. State Office Bldg. Commission v. Trujillo, 46 N.M. 29, 120 P.2d 434 (1941). Appellants do not disagree with this proposition and cite State v. Griffith, 135 Ohio St. 604, 22 N.E.2d 200

(1939), and Boswell v. State, 181 Okl. 435, 74 P.2d 940 (1937), in support thereof. Appellants then argue that: "What these courts are saying is that if the terms of the lease purport to bind future Legislatures to appropriate funds to pay under the terms of the lease, that the lease will be held in violation of public policy." Appellants then state in their brief in chief that in the lease in issue here, which contains provisions for its termination, that:

"This is a clear expression of the intent of the parties to the contract not to bind future Legislatures, and to provide for terms only insofar or as approved by each and every Legislature. In the event that a Legislature should fail to appropriate, or deem it unwise, or unnecessary to continue the existence of the agency, or for whatever reason decides that a different course of events need to be pursued, then the contract by its own terms is of no effect, and the lessee would have the right to terminate the lease. This clearly indicates that it was not the intentions of the parties to bind a future Legislature to any particular course of action, and whatever course a future Legislature might deem appropriate, * * *."

■ We agree with this statement. There is no indication that the lease must extend beyond the period for which legislative appropriations are made, nor is it overly restrictive upon the state. On the contrary, the lease, by its expressed terms, provides that the state shall have the right to terminate the lease.

We have already determined that the state exercised its right under the lease and, in doing so, there was no impairment of the parties' right to contract. Therefore, the trial court's order, finding the lease in question void as against public policy, is reversed. Appellees cite Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935), in support of the conclusion that the lease herein is against public policy. That case can be distinguished on the basis of differing provisions of Texas law from ours, and does not persuade us to find the lease unenforceable or against public policy in the instant case.

Having held that the appellees had the right to terminate the lease, pursuant to the directive contained in the general appropriations act, the remaining obligations of the parties herein need to be determined. The provision of the lease specifying the manner in which it may be terminated states in part that:

" * * * Lessee [State of New Mexico] shall have the right to terminate this lease upon sixty days notice in writing by Lessee to the Lessor, prior to the end of any state fiscal biennium, which termination date may not take effect sooner than the end of the first state fiscal biennium following the commencement of this lease."

The lease provided that it shall commence on September 15, 1966. It is alleged that appellees vacated the leased premises on October 31, 1971. The trial court made no finding concerning this date, nor did the court make a finding concerning the 60-day-written notice, or of any other terms of the contract concerning the termination procedure, which it naturally would not do having concluded that the lease violated the public policy of the State and was, therefore, unenforceable.

Such determination involves questions of fact and since the present posture of this case is an appeal from an order granting summary judgment, those questions can only be answered by remanding the cause to the trial court to make findings on such matters.

This cause is reversed and remanded to the district court to hear evidence, if necessary, make appropriate findings, and proceed in a manner consistent with the view expressed herein.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.