680 P.2d 977

**Wray SIMMONS, Petitioner-Appellant,**

v.

**James McDANIEL, Respondent-Appellee.**

No. 15364.

Supreme Court of New Mexico.

April 13, 1984.

H. Vern Payne, Payne & Ranquist, P.C., Albuquerque, for petitioner-appellant.

James McDaniel, pro se.

## OPINION

FEDERICI, Chief Justice.

Petitioner Wray Simmons (Simmons) appeals from the Santa Fe County District Court's decision which denied Simmons' challenge to the sufficiency of the number of signatures on nominating petitions filed by James McDaniel (McDaniel) for the Republican Party candidacy for the office of State Corporation Commissioner. We affirm.

Simmons, in the trial court, challenged 107 signatures on varying grounds. According to the exhibits attached to his complaint the basis for challenging the validity of the signatures was as follows:

| GROUNDS | NUMBER OF SIGNATURES |
|---|---|
| No record of registration: | 10 |
| Not registered as Republicans: | 14 |
| Addresses not as registered: | 11(three listed also as among "not registered" names). |

| GROUNDS | NUMBER OF SIGNATURES |
|---|---|
| Illegible writing: | 3 |
| Signed by someone other than proper signator: | 49 |
| Two signatures on one line: | 2 |
| Name signed different than as registered: | 5 |
| Names not printed in second column: | 17 |

In its letter of decision the trial court wrote:

> McDaniel claims to have submitted 707 names on his petitions. The file reflects less than 600 names. However, McDaniel's claim was not contested and so the court accepts it as true. The 707 names are in excess of the 656 required to gain him a position on the ballot.

On appeal, Simmons contests the undisputed nature of McDaniel's claim of 707 signatures, pointing to Paragraph 11 in his complaint which alleged that "after excluding the signatures on respondent's nominating petition precluded by Sections 1–8–30 and 31 ... there remain insufficient valid signatures to qualify the respondent as a candidate for the Republican Party Primary for State Corporation Commissioner, in that 700 minus 86 equals 614, which figure falls short of the required 656 by some 42 signatures." Simmons contends that this allegation prevented the trial court from assuming that 707 signatures were filed.

We are told in an exhibit attached to Simmons' brief that the Secretary of State accepted only 688 signatures for filing. Other than this statement by Simmons, we have no proof that the 707 signatures we have counted on the petitions filed were not accepted by the Secretary of State, nor do we have a transcript of any testimony that may have been offered before the trial court in the hearing on this matter. Clearly, the trial court's statement that the file reflects less than 600 names is incorrect. We have verified by our own count the number of signatures contained in the petitions, and there are 707 signatures appearing on the xeroxed copies of the petitions presented to the trial court.

Of the challenges made by Simmons and listed above, the trial court made the following findings:

| | | |
|---|---|---|
| 1. | *Unregistered voters:* | 9 of the challenges were sustained on the "testimony of the Bernalillo County Clerk." |
| 2. | *Not registered as Republicans:* | all 14 signatures were disallowed. |
| 3. | *Addresses not as registered:* | 0 (three already having been listed as "unregistered"). |
| 4. | *Writing illegible:* | 1 |
| 5. | *Signed by someone other than signator:* | 20 |
| 6. | *Two signatures on one line:* | 0 |
| 7. | *Names different than as registered:* | 2 |
| 8. | *Names not printed in second column:* | 4 |

The total of the number of signatures stricken by the trial court was 50.

## I.

In his brief, Simmons contends that 11 signers gave addresses different than the addresses shown on their voter registration cards, and contends that NMSA 1978, Section 1–8–30(C), "prescribes that a signature shall not be counted unless the 'address as registered' accompanies the signature." That portion of the section prescribes only the size of the paper upon which the nominating petitions shall appear, and its form. On the other hand, NMSA 1978, Section 1–8–31(B) (Cum.Supp. 1983), clearly provides:

> A signature *shall* be counted on a nominating petition *unless* there is evidence presented that the person signing:
>
> (1) is not a voter of the state, district, county or area to be represented by the office for which the person seeking the nomination is a candidate;
>
> (2) has signed more than one petition for the same office, except as provided in Subsection A of this section, or has signed one petition more than once;
>
> (3) is not of the same political party as the candidate named in the nominating petition as shown by the signer's affidavit of registration; or

(4) is not the person whose name appears on the nominating petition. (Emphasis added.)

The "address as registered" requirement urged by Simmons is not among the disqualifying causes stated by Section 1–8–31(B).

## II.

■ Simmons next claims that two signatures different from the name as registered were allowed by the trial court because "[t]he law allows a married woman to use her given name or her married name, as she wills." He asserts this to be an erroneous conclusion of law. We dispose of this argument upon the same grounds as above: Section 1–8–31(B) does not disqualify a person signing unless it be shown that he or she is not the person whose name appears on the nominating petition. On the meager record before us, we cannot say that as a matter of law the trial court committed error or that it reached an erroneous conclusion of law, since there is nothing to review regarding the lack of name identity of the persons challenged.

## III.

■ Simmons, in his third point on appeal, argues that since three names were deleted because all of the blanks on the nominating petitions were not filled in, the trial court should have likewise deleted other signatures where blanks appeared following those signatures and that the court "erred in overlooking" those allegedly deficient signatures.

There is nothing in the record to indicate to us that those other lines containing blanks were called to the attention of the trial court, and error may not be predicated upon matters not raised in the trial court. *Koran v. White,* 69 N.M. 46, 363 P.2d 1038 (1961).

Moreover, although NMSA 1978, Section 1–8–30(E) provides that a voter signature shall not be counted unless the entire line is filled out in full on the nominating peti-

tion, we would note that Section 1–8–30 is entitled "Primary Election Law; declaration of candidacy; nominating petition; filing and form," whereas Section 1–8–31 is the section *specifically* addressed to "Primary Election Law; nominating petition; *signatures to be counted.*" (Our emphasis.) Nowhere in Section 1–8–31 does it provide that failure to fill in the entire line disqualifies a signature. See *City of Albuquerque v. Garcia,* 84 N.M. 776, 508 P.2d 585 (1973), for the significance of a statute's title in relation to its contents. Any failure to fill in all of the blanks did not detract from the true intention and validity of the totality of the language appearing in those lines.

Simmons also argues that two signatures were not followed by printed names and should have been deleted by the trial court. Objection to those names also appears to be an afterthought, as they were not among the challenged names listed in the exhibits attached to Simmons' complaint. It is not represented to us that they were called to the trial court's attention or that challenges to those signatures were made in the trial court. Under these circumstances, we will not decide on appeal any matter not presented to the trial court for decision. *Koran v. White,* 69 N.M. 46, 363 P.2d 1038 (1961).

■ We would make one further comment with regard to Simmons' claim of illegibility of some of the signatures. The record before us indicates that xeroxed copies of the original petitions filed by McDaniel were submitted to the trial court in support of Simmons' complaint. One of the signatures disallowed appears at page 5 of the petitions, line 12. The quality of the reproduction is far from ideal. That signature was stricken by the trial court. We note, however, that at line 11 there is a clear reproduction of the name "Edna B. Rice," residing at 920 Turner Drive N.E., Albuquerque. The signature that follows on line 12 clearly shows the signer's address to be 920 Turner Drive, N.E., Albuquerque, and even though poorly reproduced so that the middle initial is not clear,

there is sufficient clarity to the rest of the writing to assure the reader that line 12 was signed by Arthur (middle initial) Rice. His name should not have been stricken, unless there was proof that the original petition was indeed illegible. We have no evidence that the original petitions were submitted to the trial court. We will not construe election laws so liberally as to allow a candidate to receive a ballot position to which he is not entitled, *Bardacke v. Dunigan,* 98 N.M. 473, 649 P.2d 1386 (1982). However, we are also committed to examine "most carefully, and rather unsympathetically" any challenge to a voter's right to participate in an election, and will not deny that right "absent bad faith, fraud or reasonable opportunity for fraud." *Valdez v. Herrera,* 48 N.M. 45, 53, 145 P.2d 864, 869 (1944). Mr. Rice's signature was not so illegible that he could not be identified.

Our examination of the limited record available to us results in a reduction of the number of signatures stricken by the trial court by one. Only 49 signatures should have been stricken. Because we have nothing before us to show that evidence regarding the total number of petition signatures was clearly presented or adequately proved to the trial court, we rely on our own count of 707 signatures appearing on the exhibits in the record. The resulting figure of 658 valid signatures, after 49 have been deleted, is sufficient to sustain McDaniel's nominating petition for the candidacy of the Republican Party for State Corporation Commissioner.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.