716 P.2d 236

**AZTEC WOOD INTERIORS, INC.,**
Plaintiff-Appellant,

v.

**ANDRADE HOMES, INC., Jerry Alcone
and Pat Alcone, Defendants-Appellees.**

No. 15972.

Supreme Court of New Mexico.

March 25, 1986.

Daniel E. Duncan, Eileen Paez, Albuquerque, for plaintiff-appellant.

Glass & Fitzpatrick, Charles N. Glass, Albuquerque, for defendants-appellees.

## OPINION

FEDERICI, Justice.

Plaintiff-appellant, Aztec Wood Interiors, Inc. (Aztec) brought suit in the District Court of Bernalillo County against Andrade Homes, Inc. (Andrade) and Jerry Alcone and Pat Alcone (Alcones) for debt and money due and to foreclose on a materialmen's lien. The trial court dismissed the complaint and cancelled the lien against the Alcones. Aztec appeals. We affirm.

The Alcones purchased a single family residence built by Andrade. Aztec had a subcontract for cabinet work to be done on the Alcones' home while it was being constructed. Aztec completed its subcontract work on November 27, 1984. The Alcones made the final payment to Andrade on December 11, 1984, at which time Andrade gave to the Alcones an affidavit stating that there were no outstanding liens on the property. Aztec filed its lien on December 28, 1984, thirty-one days after it completed its cabinet work.

The trial court found that NMSA 1978, Section 48–2–10.1 (Cum.Supp.1985) was applicable and made the following conclusions: there was no duty on the property owner (Alcones) to give notice to the subcontractor (Aztec) that final payment was going to be made; the owner is entitled to rely upon the affidavit of the original contractor (Andrade); and, it is the duty of the original contractor to give notice to the subcontractors. The court further concluded that it is the duty of the subcontractor to file a lien in a timely manner, prior to final payment, and that this statute was intended to protect the owner against liability for double payment.

There is no question of fact, and the issue on appeal is whether the trial court erred in its interpretation of Section 48–2–10.1.

Section 48–2–10.1, in pertinent part, states:

A. Payment by the owner * * * to any person entitled to such payment of all amounts due and owing for any construction, improvement * * * the performance of which could give rise to a lien Section 48–2–2 NMSA 1978 * * * upon a residence containing not more than four dwelling units shall discharge all such liens unless prior to such payment any person who is entitled to such lien has filed for record his lien pursuant to Section 48–2–6 NMSA 1978. For the purposes of this section, the original contractor shall not be the agent of the owner.

B. When an original contractor entitled to payment presents his bill for final payment, or an agreement for the sale of the premises, he shall notify the owner * * * in writing that liens may be filed within * * * twenty working days. * * * [H]e shall notify in writing all persons ... whom he has not paid in full that the twenty-day period has commenced and the day upon which it will expire. He shall furnish to the owner * * * an affidavit of mailing * * * of such notification. * * * upon receipt of notification, any subcontractor * * * shall, within five days of receipt thereof, certify to the general contractor in writing that his * * suppliers have been notified. If notice has been given to the owner, * * * payment in full prior to the expiration of the twenty-day period shall not avail the owner * * * of the benefits of Subsection A of this section.

■ There is no need for us to construe Subsection (A) of Section 48–2–10.1, because the language is clear and unambiguous. *Montoya v. McManus*, 68 N.M. 381, 362 P.2d 771 (1961). According to Subsection (A), in order to achieve its protection, Aztec must have filed its lien prior to the time the Alcones made the final payment. Since Aztec filed its lien after the Alcones made the final payment on the property, Subsection (A) discharges the Alcones from the lien, unless notice was given under Subsection (B).

■ Aztec relies upon Subsection (B) of Section 48–2–10.1 in support of its claim that its lien is valid. Aztec suggests that since a subcontractor has ninety days to file a lien pursuant to NMSA 1978, Section 48–2–6 (Cum.Supp.1985), the only way an owner may reduce the lien period to twenty days is to comply with Subsection (B). Aztec contends that before the Alcones could avoid the materialmen's lien, it was their duty to obtain from Andrade an affidavit stating that the subcontractors had been notified that the twenty-day period for filing liens had commenced. Aztec suggests that even though the Alcones obtained and relied upon an affidavit stating that there

were no outstanding liens, they are not relieved of the lien because the affidavit failed to contain the language required by Subsection (B), and because the Alcones failed to wait twenty days before making final payment. Aztec claims that the burden is on the Alcones to wait the twenty-day period to allow the subcontractors to file liens if they are so entitled. We read Subsection (B) as requiring the owner to wait twenty days only if the contractor gives the owner notice that there are unpaid subcontractors.

 Aztec further argues that the Alcones are not entitled to rely solely on the affidavit because as purchasers of a newly constructed residence they knew or should have known that the materials used may not have been paid for within the time for filing liens, citing case law from Alabama and California in support of its position. *Starek v. TKW, Inc.,* 410 So.2d 35 (Ala. 1982); *Schrader Iron Works, Inc. v. Lee,* 26 Cal.App.3d 621, 103 Cal.Rptr. 106 (1972). We are aware that New Mexico's general mechanics' lien law was taken from California and that California opinions carry weight in interpreting those laws. *See Lembke Construction Co. v. J.D. Coggins Co.,* 72 N.M. 259, 382 P.2d 983 (1963); *Tabet v. Davenport,* 57 N.M. 540, 260 P.2d 722 (1953). Although New Mexico may have taken its general mechanics' lien law from California, the New Mexico Legislature in 1981 sought to deviate from California and Alabama law by enacting Section 48–2–10.1. Insofar as we can determine, neither California nor Alabama has enacted an equivalent of our Subsection (A) of Section 48–2–10.1. *See* Cal.Civ.Code §§ 3109 to 3154 (West 1974 & Cum.Supp.1986); Ala. Code §§ 35–11–210 to –234 (1975 & Cum. Supp.1985).

The New Mexico Legislature apparently felt the need to protect an innocent purchaser from materialmen's liens once final payment was made to the contractor, and to place upon the subcontractor a duty to file a lien prior to final payment.

Since Section 48–2–10.1 is more specific and more recently enacted than Section 48–2–6, it controls to reduce the filing time found in Section 48–2–6 to twenty days. *Great Western Construction Co. v. N.C. Ribble Co.,* 77 N.M. 725, 427 P.2d 246 (1967); *Lopez v. Barreras,* 77 N.M. 52, 419 P.2d 251 (1966).

An issue of whether Andrade was a licensed contractor at the time of construction has been raised on appeal by the Alcones. We will not address this question since it was not raised in the trial court, and cannot be presented on appeal. *Simmons v. McDaniel,* 101 N.M. 260, 680 P.2d 977 (1984).

The judgment of the trial court is affirmed.

Appellees shall recover their costs on appeal. Each of the parties shall bear its own attorney fees.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.