741 P.2d 1368

**Pete PYBURN, d/b/a Iron Master, Cross-Claimant-Appellant,**

v.

**Michael J. KIRKPATRICK and Gail L. Rein, Cross-Defendants-Appellees.**

No. 16845.

Supreme Court of New Mexico.

Aug. 27, 1987.

Rehearing Denied Sept. 17, 1987.

Griffith, Boone & Cruse, Stephen Boone, Los Alamos, for cross-claimant-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Timothy L. Garcia, Santa Fe, for cross-defendants-appellees.

**OPINION**

SOSA, Senior Justice.

This case originated when a builder's supply company (not a party to this appeal)

filed a complaint for money due and fore-closure against Michael J. Kirkpatrick and Gail L. Rein (Owners), who are cross-defendants-appellees in the present appeal. The builder's supply company sought payment for materials it had supplied to the Owners' contractor for use in building the Owners' residence. The contractor had filed for bankruptcy, leaving some $33,000 in unpaid claims outstanding against the Owners' property. Among these claims was that of cross-claimant-appellant Pete Pyburn (Pyburn), who had provided labor and materials to the Owners' residence. After a hearing on September 8, 1986, before the trial judge sitting without a jury, the court entered judgment in favor of the Owners against Pyburn. For the reasons stated below, we reverse.

## FACTS

The Owners engaged the contractor to build for them a single-family residence in Los Alamos. The contract provided that payment of $91,808 was to be made in five installments. Four installments had been made when the contractor, on January 3, 1985, informed the Owners that he was going to file for bankruptcy and discontinue construction of their home. On the same date the contractor gave the Owners a list of debts totaling some $33,000 which had accrued as a result of labor and/or materials furnished to the Owners' residence by persons other than the contractor. Pyburn's name was on this list, and under the heading "invoice to be furnished," there was a check mark opposite Pyburn's name. Under "amt. + tax" on the list, the words "estimated [$]4,691.25" appeared opposite Pyburn's name.

It is undisputed that the Owners did not make the fifth installment payment to the contractor, and that they had to expend their own money to complete the construction of their residence after the contractor abandoned the project. Pyburn contends he was unaware of the communication which took place between the Owners and the contractor on January 3, 1985, and that he continued working on the project in good faith until January 23, 1985, running up a total of some $7,000 in expenditures, of which the Owners paid him only $2,000.

Pyburn filed a claim of lien on March 12, 1985. He contends on appeal that NMSA 1978, Section 48–2–6 (Repl.Pamp.1987) is controlling, arguing that since that section requires him to have filed his claim of lien within ninety days, his claim of lien filed on the sixty-eighth day after January 3, 1985 is perfected against the Owners.

## CONSTRUCTION OF NMSA 1978, CHAPTER 48

In *Armstrong v. C & D Plumbing, Inc.*, 106 N.M. 155, 740 P.2d 705 (1987), we were confronted with a similar factual situation. In that case a lien-claimant had filed its claim (relying on NMSA 1978, Section 48–2–10.1 (Cum.Supp.1985)) before the Owners made final payment to the contractor (who likewise had abandoned the project and filed for bankruptcy), and the Owners in that case knew of the claim of lien. Here the owners knew of Pyburn's claim of debt, but not his claim of lien, as none had been filed. In addition, the contractor's abandonment here takes on the flavor of an agreement, in which he and the owners worked out details by which construction was to be finished and some subcontractors were to be paid and some not.

In *Armstrong v. C & D Plumbing, Inc.*, relying on *Aztec Wood Interiors, Inc. v. Andrade Homes, Inc.*, 104 N.M. 45, 716 P.2d 236 (1986), we defined "innocent owners" as those who have no notice, actual or constructive, of intervening claims of lien asserted by unpaid materialmen. In *Aztec Wood Interiors, Inc. v. Andrade Homes, Inc.*, we also defined "all amounts due and owing" in Section 48–2–10.1(A) as "final payment." Since final payment was not made here, the Owners cannot avail themselves of Section 48–2–10.1. Further, although there was no intervening claim of lien, the Owners nonetheless had notice that Pyburn had not been paid by the contractor. Unlike the situation in *Aztec Wood Interiors*, the Owners here are not

innocent as to Pyburn's claim of debt, and thus he is entitled to recover against them for the remaining amount of his claim. Since no notice was given by the contractor as required in Section 48–2–10.1(B), the twenty-day notice requirement of that section is not applicable here, and Pyburn is entitled to rely on the ninety-day notice provision of Section 48–2–6.

Accordingly, we reverse the judgment and remand the case to the trial court for action not inconsistent with this decision.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.