494 P.2d 165

**AMERICAN BUILDERS SUPPLY CORPORATION, Plaintiff-Appellee,**

v.

**ENCHANTED BUILDERS, INC., Defendant-Appellant.**

**No. 9314.**

Supreme Court of New Mexico.

Feb. 25, 1972.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for defendant-appellant.

Branch & Dickson, Albuquerque, for plaintiff-appellee.

## OPINION

COMPTON, Chief Justice.

The appellee (plaintiff) sued the appellant (defendant) on an open account. From a judgment for plaintiff, the defendant has appealed.

Plaintiff contracted to furnish certain kitchen cabinets to an apartment house of defendant. It installed them or arranged for another to do so. The argument here is directed to the question of whether it was necessary for plaintiff to allege and prove that it held a contractor's license by the provisions of § 67–35–33, subd. A, N.M.S.A., 1953 (1971 Supp.)

The complaint was on an open account. It is a perfectly good complaint of that type, and defendant does not assert otherwise. It does not allege that plaintiff held a contractor's license, but nothing in the complaint indicates that it should. Building or construction, or materials therefor, are not mentioned.

The answer consists merely of admissions and denials. Although no issue was formulated by the pleadings regarding whether plaintiff needed a contractor's license, there was evidence touching the question at trial.

■■ If a complaint on its face shows that compliance with § 67–35–33, subd. A, supra, is essential to the cause of action, the issue of noncompliance may be raised and dealt with as a matter of law. And under such circumstances, since a failure to allege the license is fatal to the complaint, it may be asserted at any time that the complaint fails to state a claim on which relief can be granted. See Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d

200 (1965); Campbell v. Smith, 68 N.M. 373, 362 P.2d 523 (1961).

■ Such is not the case here however. To establish that plaintiff was precluded from recovery by § 67–35–33, subd. A, supra, required proof of facts, viz., that the cabinets were "fabricated" into the structure within the meaning of § 67–35–3, subd. C (1), N.M.S.A., 1953. This, being an issue of fact, is to be treated and resolved as such. E. A. Davis & Co. v. Richards, 120 Cal.App.2d 237, 260 P.2d 805 (1953); Jackson v. Pancake, 266 Cal.App.2d 307, 72 Cal.Rptr. 111 (1968). Thus, under the circumstances of this case, the defense which defendants now seek to assert was affirmative in nature, [Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781 (1967); Waite v. Burgess, 69 Nev. 312, 250 P.2d 919 (1952); N. Margolys & Co. v. Goldstein, 96 N.Y.S. 185 (Sup.App.T.1905)] and should have been pleaded, although the proceedings at trial injected it as an issue.

■ However, from the fact that the defense in question was affirmative, it follows that defendant bore the burden of proving the requisite facts. This it failed to do. The trial court found that the cabinets were not fabricated into the structure. This is a determination of fact and no assertion is made that it is without support in the evidence. The court's finding is hence binding upon us.

Thus, defendant failed to establish the requisite factual predicate to establish that defense. It follows that the court did not err in entering judgment for plaintiff, and the judgment should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.