789 P.2d 1250

**SUNDANCE MECHANICAL & UTILITY CORPORATION, a New Mexico corporation, Plaintiff,**

v.

**Marvin F. ATLAS, and Carole J. Atlas, husband and wife, et al., Defendants–Appellants,**

v.

**Eric MENTER, d/b/a Creative Carpentry, Defendant–Appellee.**

No. 18077.

Supreme Court of New Mexico.

April 2, 1990.

Threet & King, Martin E. Threet, Robert G. Kavanagh, Albuquerque, for defendants-appellants.

Toulouse & Associates, P.A., Charlotte M. Toulouse, Phillip Baca, Albuquerque, for defendant-appellee.

## OPINION

MONTGOMERY, Justice.

This little case raises large issues concerning the jurisdiction of our courts, the relationship between jurisdiction and a complaint's failure to state a claim upon which relief can be granted, and the power of a district court to enter a default judgment when the complaint fails to state a cause of action. The principal specific question for decision is whether the trial court could properly reinstate a default judgment against a homeowner in a subcontractor's suit to foreclose on his mechanic's lien when his complaint (actually, his crossclaim) failed to allege that he held a valid contractor's license. We hold that the trial court could do so, and we therefore affirm.

I.

The subcontractor is Eric Menter, d/b/a Creative Carpentry, the crossclaimant and appellee in this appeal. The homeowners are appellants Marvin and Carole Atlas. They contracted in 1986 with Robert J. Eden, d/b/a R.J. Eden Construction Co. (the general contractor), for the construction of a single-family residence in Albuquerque. Menter held a subcontract to install wood trim and door frames. Toward the end of construction of the house a dispute arose, and on November 24, 1986, the subcontractor filed a claim of lien against the homeowners' property.

Some time before the subcontractor filed his lien, the homeowners completed payments to the general contractor in an amount which was later determined, in an arbitration proceeding between the homeowners and the general contractor, to have exceeded the contract price.

After completion of the project, this litigation began. It was commenced on March 19, 1987, by the filing of a complaint by another lien claimant, Sundance Mechanical & Utility Corp. (not a party to this appeal), to foreclose on that party's own mechanic's lien. The homeowners, the general contractor, the subcontractor in this case (Menter), and various other lien claimants were all joined as defendants. The subcontractor here, Menter, duly answered

the complaint and filed a crossclaim against the homeowners, seeking judgment of $1,628 plus interest, costs and attorney's fees as compensatory damages, $10,000 as punitive damages, and foreclosure on his mechanic's lien.

Although they did file an answer to the original plaintiff's complaint, the homeowners did not answer the crossclaim filed by the subcontractor. The situation seems to have been confused by various events and proceedings: The homeowners' attorney withdrew from the action; the homeowners appeared *pro se* (through Mr. Atlas, who is a retired New York state judge); and the arbitration proceeding was commenced and litigated. On March 1, 1988, the subcontractor filed a notice of intent to apply for a default judgment, serving the homeowners by mail. The homeowners did not respond to this notice, and the court entered a default judgment against them for $2,227.66 (representing the amount of the subcontractor's claim plus interest and attorney's fees) on March 11, 1988. Shortly after that, the homeowners, still acting *pro se*, filed a motion to set aside the default judgment. A hearing was held on April 4, 1988, at which the homeowners were represented by new counsel. The court granted the motion to set aside the default and entered an order on April 19, 1988, providing: "Defendants are directed to immediate [sic] and forthwith to [sic] file their answer herein."

A period of four months then elapsed, during which the homeowners failed to file an answer. On August 26, 1988, the subcontractor filed a motion for reinstatement of the default judgment. Finally, on September 1, 1988, fifteen and one-half months after filing of the subcontractor's crossclaim, the homeowners filed their answer. They denied various allegations in the crossclaim, denied personal liability to the subcontractor, asserted that the subcontractor's lien had been discharged by full payment to the general contractor, and raised the defense that the subcontractor's crossclaim had failed to allege that he was a duly licensed contractor. The subcontractor moved to strike the answer, and on October 6, 1988, the court granted the motion and entered its order reinstating the default judgment.

On appeal from this order the homeowners challenge the jurisdiction of the court to enter the order and otherwise assail the propriety of that order. Their jurisdictional challenge consists of two arguments. First, they maintain that when they made their final payment to the general contractor in an amount later determined to have exceeded the contract price, the subcontractor's lien was discharged by operation of NMSA 1978, Section 48-2-10.-1(A) (Repl.Pamp.1987) (repealed 1989 N.M. Laws, ch. 301, § 13), and that the trial court therefore lacked jurisdiction to entertain the subcontractor's claim for foreclosure of his mechanic's lien and to award a default judgment on that claim. The second basis for the homeowners' jurisdictional argument is that the crossclaim failed to state a claim upon which relief could be granted, in that it did not allege that the crossclaimant held a contractor's license, and that this failure to state a claim deprived the trial court of jurisdiction.

As additional grounds for attacking the trial court's order the homeowners contend that a personal judgment against them was improper, inasmuch as they had no direct contractual relationship with the subcontractor, and that the trial court abused its discretion in reinstating the default judgment and refusing to permit their belated answer to be filed.

We consider these various arguments in the order in which they are asserted.

## II.

■ The homeowners' first jurisdictional argument may be disposed of without much difficulty. It is, again, that their final payment to the general contractor of an amount in excess of the contract price, at a time when they had no notice of any

mechanics' or materialmen's liens, operated to discharge the subcontractor's lien, so that his subsequent filing of a claim of lien was a "nullity" with respect to the homeowners' property. Therefore, the homeowners argue, when the subcontractor sought to foreclose upon his claimed mechanic's lien by filing a crossclaim against the homeowners, the court had no jurisdiction to entertain this claim because the lien upon which it was founded had been discharged.

As support for their argument the homeowners cite *Sundance Mechanical & Util. Corp. v. Armijo*, 106 N.M. 249, 741 P.2d 1370 (1987), and *Aztec Wood Interiors, Inc. v. Andrade Homes, Inc.*, 104 N.M. 45, 716 P.2d 236 (1986). In those cases we construed Section 48–2–10.1 [1] as discharging a mechanic's or materialman's lien claimed upon a residence containing not more than four dwelling units when a claim of lien has not been filed prior to the owner's final payment to the general contractor and the owner has received no notice of the potential lien claim by the lien claimant. Nothing in the statute, however, relates to the jurisdiction of a court when suit is brought to enforce a claimed lien.[2] Nor do the homeowners cite any other authority for their rather unusual theory that the district court's jurisdiction is affected by this statute dealing with the circumstances under which a lien claim is treated as paid. Of course, when an argument is not supported by citation of authority, this Court is free to disregard it. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

The homeowners do cite previous decisions of this Court in support of the following proposition: "There are three jurisdictional essentials necessary to the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter and power or authority to decide the particular matter presented." *Heckathorn v. Heckathorn*, 77 N.M. 369, 371, 423 P.2d 410, 412 (1967); *In re Field's Estate*, 40 N.M. 423, 427, 60 P.2d 945, 947 (1936). *See also Elwess v. Elwess*, 73 N.M. 400, 404, 389 P.2d 7, 9 (1964); *State v. Patten*, 41 N.M. 395, 398, 69 P.2d 931, 933 (1937). Since there is no question in this case as to jurisdiction of the parties, the element lacking here, according to the homeowners' argument, must be lack of subject-matter jurisdiction or lack of power or authority to decide the particular matter presented, namely, the matter of foreclosure of the subcontractor's mechanic's lien.

Despite the well-settled character of the statement just quoted from *Heckathorn* and *Field's Estate*, it is not easy to discern the difference between lack of subject-matter jurisdiction and lack of power or authority to decide the particular matter presented. The difference, if any, is not recognized in our Rules of Civil Procedure for the District Courts, which refer only to "jurisdiction over the subject matter" of the action, *see* SCRA 1986, 1–012(B)(1), 1–012(H)(3) (Cum.Supp.1989); and we know of no case in which this difference has been explained. Possibly it relates to Article VI, Section 13, of our Constitution, which confers upon the district court "original jurisdiction in all matters and causes not except-

---

**1.** This section, repealed in 1989, is mirrored in a comparable provision now contained in NMSA 1978, Section 48–2A–11(A) (Cum.Supp.1989).

**2.** Before its repeal, Subsection 48–2–10.1(A) read:

Payment by the owner or his successor in interest to any person entitled to such payment of all amounts due and owing for any construction, improvement, landscaping or other actions the performance of which could give rise to a lien pursuant to Section 48–2–2 NMSA 1978 to be performed upon a residence containing not more than four dwelling units

shall discharge all such liens unless prior to such payment any person who is entitled to such lien has filed for record his lien pursuant to Section 48–2–6 NMSA 1978. . . .

Subsection 48–2–10.1(B), also involved in *Sundance* and *Aztec*, requires a general contractor to notify the owner, at the time he presents his bill for final payment, of the existence of any potential lien claims and provides that an owner who is given such notice and who pays the general contractor in full prior to the expiration of twenty days after receiving the notice shall not be entitled to the benefits of Subsection A.

ed in this constitution," and also grants "such jurisdiction of special cases and proceedings as may be conferred by law * * *." *See, e.g., Postal Finance Co. v. Sisneros,* 84 N.M. 724, 507 P.2d 785 (1973) (garnishment is "special case or proceeding" over which district court has only such jurisdiction as is conferred by statute). "Jurisdiction over the subject matter" is commonly treated as a unitary topic, *see, e.g.,* T. Occhialino, *Walden's Civil Procedure in New Mexico* at I–3 to I–8 (2d ed. 1988), and at this stage in the development of the law one may doubt that the distinction serves any useful purpose.

Although they do not spell out their argument, it may be that the homeowners' purpose in referring to the three elements of jurisdiction is to suggest that, since the second element, subject-matter jurisdiction, is clearly present, something is missing in the third element by way of the particular authority in the district court to adjudicate a claim for foreclosure on a mechanic's lien. The homeowners point out that mechanic's liens were unknown to the common law and are creatures of statutory law, citing *United States ex rel. Sunworks Division v. Insurance Co. of North America,* 695 F.2d 455, 458 (10th Cir.1982) (interpreting New Mexico law). The argument thus seems to be that where a statute, already in derogation of the common law, governs the validity or invalidity of a claim, the court's "power or authority" to determine the claim depends on there being a valid claim in the first instance.

If this is in fact the homeowner's argument, it obviously cannot succeed, since it would make jurisdiction turn on the underlying validity *vel non* of a claim—the very question to be determined by the court in the exercise of its jurisdiction. This Court has repeatedly noted that the jurisdiction of a district court does not depend on how the court decides a contested issue submitted to it; the test "is whether or not it had power to enter upon the inquiry; not

whether its conclusion * * * was right or wrong." *Patten,* 41 N.M. at 399, 69 P.2d at 933; *see also Field's Estate,* 40 N.M. at 432–33, 60 P.2d at 950–951.

Thus, contrary to the homeowners' argument, there is no "statutory limitation on the jurisdiction of the trial court" inhering in Section 48–2–10.1. The court has subject-matter jurisdiction under Article VI, Sections 1 and 13 of the Constitution, and no provision of law purports to limit that jurisdiction in actions to enforce a mechanic's lien. We therefore find the homeowners' first jurisdictional argument to be without merit.

## III.

Their second jurisdictional argument is more troublesome. As noted previously, the subcontractor in his crossclaim did not allege that he was a duly licensed contractor at the time his cause of action arose. His crossclaim therefore failed to comply with NMSA 1978, Section 60–13–30(A) (Repl.Pamp.1989), which reads:

No contractor shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the Construction Industries Licensing Act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose.[3]

We assume that the subcontractor here was required to be licensed under the Construction Industries Licensing Act at the time his alleged cause of action arose. We further assume—and this Court has so held on several occasions—that a complaint which does not allege licensure when required by the statute fails to state a claim upon which relief may be granted. *See, e.g., American Builders Supply Corp. v. Enchanted Builders, Inc.,* 83 N.M. 503, 504, 494 P.2d 165, 166 (1972) (defense treat-

---

3. Subsection (B) of this section provides that any contractor operating without the required license shall have no right to file or claim any mechanic's lien.

ed as affirmative defense, however, where complaint did not show on its face that contractor's license was necessary). The question then arises, does the failure of a complaint (or crossclaim) to state a claim upon which relief can be granted operate to deprive the court of jurisdiction over the subject matter of the action in which the complaint (or crossclaim) is filed?

In *Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965), *overruled on other grounds, Lakeview Investments, Inc. v. Alamogordo Lake Village, Inc.,* 86 N.M. 151, 520 P.2d 1096 (1974), judgments in favor of a contractor and a subcontractor foreclosing their respective mechanic's liens were reversed on the ground that the contractors had failed in their pleadings to allege that they held the requisite licenses. This Court said:

> Clearly, foreclosure of a mechanic's lien arising out of a construction contract is an action seeking "collection of compensation for the performance" of such work. An allegation that the contractor was duly licensed is a statutory prerequisite to bringing such an action. It naturally follows that this allegation is essential in order to state a claim for relief, and we have consistently held that failure to state a cause of action is jurisdictional and may be raised for the first time on appeal. (citing *Campbell v. Smith,* 68 N.M. 373, 362 P.2d 523 (1961))

*Id.* at 676–77, 410 P.2d at 403. In *Campbell v. Smith* another judgment in favor of a contractor was set aside, also for failure of the complaint to allege the requisite contractor's license. The property owner urged that because of this omission the trial court was without jurisdiction; the contractor argued that the point could not be raised on appeal because a ruling of the trial court had not been invoked. This Court held: "Failure of a complaint to state a cause of action is jurisdictional and may be raised for the first time on appeal." 68 N.M. at 375–76, 362 P.2d at 524 (citing *Phillips v. Allingham,* 38 N.M. 361, 363, 33 P.2d 910, 911 (1934) (recognizing "well-established rule * * * that the failure of a complaint to state a cause of action is jurisdictional")).

In light of these statements, the homeowners make an argument that is at least colorable when they assert that the subcontractor's failure to allege that he held a contractor's license deprived the trial court of jurisdiction to grant any relief to the subcontractor based on his defective or legally insufficient claim.

But despite the "consistent" (per *Martinez*) holdings in this Court that failure to state a cause of action is "jurisdictional," the law in this state appears to be equally well-settled that a judgment is not void— i.e., the court does *not* lack jurisdiction— "from the fact that a complaint does not state facts sufficient to constitute a cause of action * * *." *In re Field's Estate,* 40 N.M. at 432, 60 P.2d at 950. *See also id.* (quoting *Acequia del Llano v. Acequia de las Joyas,* 25 N.M. 134, 141–142, 179 P. 235, 237 (1919)):

> This ruling may have been erroneous as a matter of law, and the petition may not have stated facts sufficient to constitute a cause of action. A judgment will not be considered open to collateral impeachment because the petition or complaint in the action in which it was rendered did not constitute a cause of action.

More recently, our court of appeals, in a case affirmed by this Court, ruled that a trial court's dismissal of an action for lack of subject-matter jurisdiction, where the plaintiff's common-law negligence claim was barred by the exclusive-remedy provisions of the Workmen's Compensation Act, was incorrect; the court of appeals held that the complaint's failure to state a cause of action did not deprive the trial court of subject-matter jurisdiction. A portion of the court of appeals' analysis, relying on an Eighth Circuit case, is instructive and bears repeating here:

> [The Eighth Circuit case] distinguishes jurisdictional facts from those facts which are necessary to state a valid cause of action * * *. The Circuit Court

of Appeals, Eighth Circuit, held that whether or not [a certain party] was engaged in manufacturing was not jurisdictional, but went only to whether a valid cause of action existed. The distinction between jurisdictional facts and facts necessary to establish a cause of action was discussed:

Jurisdiction of the subject matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy, or an insufficient complaint at law, accompanied by proper service of process upon the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff.

*Valenzuela v. Singleton*, 100 N.M. 84, 88, 666 P.2d 225, 229 (Ct.App.1982) (quoting *In re First Nat'l Bank of Belle Fourche*, 152 F. 64, 68–69 (8th Cir.1907)), *aff'd*, 100 N.M. 84, 666 P.2d 225 (1983).

That our courts have been on sound ground in declaring that the failure of a complaint to state a cause of action does not interfere with or detract from the court's subject-matter jurisdiction is shown by the weighty authorities which reach the same conclusion. *See, e.g., Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

Jurisdiction, therefore, is not defeated * * * by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdic-

tion. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*See also Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir.1966) (distinguishing *Bell v. Hood*); *Martinez v. Santa Clara Pueblo*, 402 F.Supp. 5, 9 (D.N.M.1975) (relying on *Bell v. Hood*), *rev'd on other grounds*, 540 F.2d 1039 (10th Cir.1976); *Fleming v. Kane County*, 116 F.R.D. 567, 577 n. 11 (N.D.Ill.1987) ("[I]n defendants' universe the very absence of a cause of action would deprive the court of subject matter jurisdiction. In that sort of Catch–22 analysis, the court could never decide a case on the merits."); *Abraham v. Homer*, 102 Okl. 12, 16, 226 P. 45, 49 (1924) ("Such a rule [that the court's jurisdiction is dependent upon facts constituting a cause of action in the petition] requires the creature to exist before the creator, because here the judicial power already acquired is the creator which creates the adjudication that the facts constitute a cause of action. If the facts pleaded must constitute a cause of action before the court has jurisdiction, then who is to determine that fact?").

And so it appears that the dicta in *Martinez v. Research Park, Campbell v. Smith* and *Phillips v. Allingham* that the failure of a complaint to state a cause of action is jurisdictional, if read to mean that such a failure deprives the trial court of subject-matter jurisdiction, were ill-advised and inconsistent with other statements of the law, both in New Mexico and elsewhere. Such a failure has no jurisdictional effect. It will be observed, however, that in both *Martinez* and *Campbell* the Court in repeating this proposition actually stated *two* propositions: (1) Failure to state a cause of action is jurisdictional, which (2)

690

may be raised for the first time on appeal. If by "jurisdictional" is meant that the trial court lacks jurisdiction, then the proposition is incorrect and, to the extent they support it, *Martinez, Campbell* and *Phillips* are hereby overruled. If, on the other hand, "jurisdictional" only means that a failure to state a claim may be raised for the first time on appeal, then the proposition is consistent with other statements of the law in New Mexico and should not be disturbed now.

For example, Rule 12(H) of the Rules of Civil Procedure distinguishes among three types of defenses, providing a different rule as to when during a lawsuit each type may be raised. Certain defenses (lack of personal jurisdiction, improper venue, insufficiency of process or service of process) must be asserted at the outset of an action; otherwise these defenses are waived. SCRA 1986, 1–012(H)(1) (Cum.Supp.1989). Other defenses, including the defense of failure to state a claim (along with failure to join an indispensable party and an objection to a legally insufficient defense) may be raised during the pendency of the action including at trial on the merits. Rule 1–012(H)(2). And lack of jurisdiction of the subject matter may be raised *whenever* it appears, following which the court shall dismiss the action. Rule, 1–012(H)(3). A rule that failure to state a claim may be raised for the first time on appeal is simply an extension of Rule 12(H)(2) into the appellate process and is supported by several cases (which, to their credit, have not commented on any "jurisdictional" effect of the failure). *See, e.g., Jernigan v. Clark & Day Exploration Co.,* 65 N.M. 355, 364, 337 P.2d 614, 620 (1959) (citing several cases); *Baca v. Perea,* 25 N.M. 442, 446, 184 P. 482, 484 (1919) ("jurisdictional" and "other matters which may render a case inherently and fatally defective" may be raised for the first time on appeal). When the defense of failure to state a claim upon which relief may be granted is raised on appeal, the defense, if well-taken, may result in various possible dispositions—*e.g.,* reversal and remand with leave to amend

the complaint, *see Martinez v. Research Park* and *Campbell v. Smith,* or affirmance under the doctrine of aider by verdict or findings. *See Phillips v. Allingham,* 38 N.M. at 363, 33 P.2d at 911 (dictum); *Martinez v. Zia Co.,* 100 N.M. 8, 10, 664 P.2d 1021, 1023 (Ct.App.1983) (issues tried by implied consent of the parties will be treated as if raised in the pleadings). *See also Daughtrey v. Carpenter,* 82 N.M. 173, 178, 477 P.2d 807, 812 (1970) (citations omitted):

> The requirement of the allegation of a contractor's license is similar to the requirement of one year's residence for a divorce. Both are matters of public policy; neither, otherwise, bears any relation to the cause of action. Where the record shows without dispute, that the claimant was licensed at the time he performed the work, an appellant who has failed to call the matter to the attention of the trial court cannot object to our treating an issue tried with consent of the parties as though it had been raised by the pleadings. Furthermore, the intent of the legislature was to prohibit the bringing of suit by those unlicensed contractors who were acting illegally not to bar the remedy of lawful contractors because of a technical error in their pleadings.

In other words, the action will not be dismissed for lack of subject-matter jurisdiction.

We hold that the subcontractor's failure to state a claim upon which relief could be granted by alleging in his crossclaim that he was duly licensed as a contractor did not deprive the district court of jurisdiction to enter a default judgment on the crossclaim.

## IV.

█ As their next point of error the homeowners assert that the district court could not properly enter a judgment against them personally because they had no contractual relationship with the subcontractor. They rely on *George M. Morris Construction Co. v. Four Seasons Motor Inn, Inc.,* 90 N.M. 654, 567 P.2d 965 (1977),

and *Allison v. Schuler*, 38 N.M. 506, 36 P.2d 519 (1934), which hold that a personal judgment in favor of a contractor against an owner is not proper when the two have no contractual relationship. However, in this case the subcontractor specifically requested judgment against the homeowners for $1,628 plus interest, costs and attorney's fees as compensatory damages, and $10,000 as punitive damages. Where a complaint requests relief of a certain type or amount and a court has jurisdiction to award the relief, and where the defendant defaults in responding to the complaint or fails to comply with a lawful order regarding the complaint, the defendant waives his right to litigate the propriety of the relief requested and consents, in effect, to entry of judgment by default awarding plaintiff the relief requested. *See* SCRA 1986, 1-054(D); *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (Ct.App.1976); *Southern Arizona School for Boys, Inc. v. Chery*, 119 Ariz. 277, 580 P.2d 738 (Ct.App.1978).

Accordingly, the default judgment here was proper.

## V.

Finally, the homeowners contend that the trial court abused its discretion in reinstating the default judgment. In their brief-in-chief the homeowners proffer various reasons for the four-month delay between the time the trial court set aside the previously entered default and ordered an "immediate" answer and the ultimate filing of that answer, but on oral argument they conceded that the delay was a case of simple neglect. The homeowners were represented by counsel when the court ordered the filing of an answer "forthwith," and no significant basis has been presented here to establish that the court abused its discretion in reinstating the default when it finally did.

"An abuse of discretion will be found when the trial court's decision is contrary to logic and reason." *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d

240, 244 (1982) (citing *Federal Land Bank of Wichita v. Burgett*, 97 N.M. 519, 641 P.2d 1066 (1982)). Although a judgment by default is not favored, *Springer Corp. v. Herrera*, 85 N.M. 201, 202, 510 P.2d 1072, 1073 (1973), reversal by this Court is warranted only if there is a showing of an abuse of discretion, *New Mexico Educators Federal Credit Union v. Woods*, 102 N.M. 16, 17, 690 P.2d 1010, 1011 (1984). The burden is upon the appellant to show that the trial court abused its discretion, *Coastal Plains Oil Co. v. Douglas*, 69 N.M. 68, 71, 364 P.2d 131, 133 (1961), and this burden is a heavy one in view of the requirement that there be a patent showing of abuse of discretion or manifest error in the trial court's exercise of that discretion, *Hanberry v. Fitzgerald*, 72 N.M. 383, 387, 384 P.2d 256, 259 (1963).

In this case the homeowners have not shown that the trial court's decision was contrary to logic and reason, nor have they shown in any other way why or how that decision was an abuse of discretion. The trial court had the authority to impose a condition when it set aside the previously entered default judgment, and it necessarily had the authority to reinstate the default when that condition was not met. *See Kutz v. Independent Pub. Co., Inc.*, 101 N.M. 587, 590, 686 P.2d 277, 300 (Ct. App.1984).

The district court did not abuse its discretion in reinstating the default judgment.

## VI.

In his answer brief the subcontractor requests, in addition to costs (which are allowed the prevailing party as a matter of course, SCRA 1986, 12-403(A)), an award of attorney's fees and damages of 10% of the amount of the judgment for taking an appeal which is frivolous, not in good faith or merely for the purpose of delay, pursuant to SCRA 1986, 12-403(B)(4) and NMSA 1978, Section 39-3-27. In light of our discussion in Part III of this opinion, we believe that this appeal was not frivolous, in

**692**

bad faith, or taken merely for the purpose of delay. Accordingly, we deny the request for damages but remand for the fixing of a reasonable attorney's fee for services rendered on appeal before this Court. *See* NMSA 1978, § 48-2-14 (Repl.Pamp. 1987); *Measday v. Sweazea*, 78 N.M. 781, 786, 438 P.2d 525, 530 (Ct.App.1968); *Dunson Contractors, Inc. v. Koury*, 76 N.M. 723, 726, 418 P.2d 66, 68 (1966).

The order of the district court is affirmed. The cause is remanded for the purpose of setting a reasonable attorney's fee to be allowed the appellee for the services of his attorney in this Court.

IT IS SO ORDERED.

SOSA, C.J., concurs.

RANSOM, J., specially concurs.

RANSOM, Justice (specially concurring).

Under Part III of the Court's opinion, the question is posed whether failure of a complaint to state a claim upon which relief can be granted operates to deprive the court of jurisdiction over the subject matter. To me, this begs the issue of "power" as a jurisdictional issue separate from "subject matter."

While I concur with the limited overruling of *Martinez, Campbell,* and *Phillips,* to the extent they hold a failure to state a cause of action deprives the court of subject matter jurisdiction, I would not abandon so quickly the principle that a court lacks power to grant relief on a complaint that fails to state a cause of action, and that "power or authority" is a jurisdictional issue that may be raised for the first time on appeal or, perhaps, alternatively under Rule 1-060(B)(4).

It is obvious to me, nonetheless, that the court had subject matter jurisdiction, and that it had the power to entertain issues of failure to state a claim upon which relief can be granted. For example, under Rule 1-012(B), on a motion asserting the defense of failure to state a claim upon which relief

can be granted, the court may hear matters outside the pleadings as on a motion for summary judgment.

Power to grant relief, however, is a separate issue. For example, because a defaulting party is not deemed to have admitted specific allegations of unliquidated damages, a court is without power or authority to enter default judgment for unliquidated damages *until evidence is considered. See Gallegos v. Franklin,* 89 N.M. 118, 123-25, 547 P.2d 1160, 1165-67 (Ct.App.) *(well-pleaded allegations* in a complaint establish a defaulting defendant's liability, but the amount of unliquidated damages claimed by plaintiff are not considered to be admitted by default), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976).

Under a statutory cause of action, no claim is stated if there is a failure to allege an essential element, and it may be said that the court is without power to grant relief under the statute unless the essentials of the statutory cause of action are satisfied. While a defaulting party may not have admitted essentials of a statutory cause of action not alleged in the complaint, the court certainly has the subject matter jurisdiction to consider evidence and satisfy itself that relief may be granted. The court must decide under the circumstances of each case whether, because of the complaint's failure to state an essential element, the defaulting party did or did not admit liability. I would hold that a defaulting party acts at his or her own peril in saying "So what?" to a statutory cause of action technically deficient but subject to proof as to all essential elements not admitted by the default.