This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BILL BURKE and SHERRY BURKE,**

    Plaintiffs-Appellees,

v.                                                                                          **NO. 30,412**

**WAL-MART STORES, INC., a foreign corporation doing business in the State of New Mexico,**

    Defendant/Cross-Claimant/Third-Party Plaintiff-Appellant,

v.

**BROWN JORDAN INTERNATIONAL, INC., d/b/a Casual Living, a foreign corporation doing business in the State of New Mexico,**

    Defendant/Cross-Defendant-Appellee,

v.

**THE HARTFORD INSURANCE COMPANY, a Connecticut insurance company doing business in the State of New Mexico,**

    Third-Party Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**

**David P. Reeb, Jr., District Judge**

Bill Burke and Sherry Burke
Albuquerque, NM
Pro se Appellants

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Alex C. Walker
Albuquerque, NM

for Appellee Wal-Mart Stores, Inc.

O'Brien & Ulibarri, P.C.
Daniel J. O'Brien
Candace J. Cavanaugh
Albuquerque, NM

for Appellee Brown Jordan International, Inc.

Riley & Shane, P.A.
Mark J. Riley
Kristin J. Dalton
Albuquerque, NM

for Appellee The Hartford Insurance Co.

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Plaintiffs are appealing, pro se, from a district court order denying their motion to set aside an order dismissing their complaint with prejudice pursuant to Rule 1-041(E)(1) NMRA. We issued a calendar notice proposing to affirm. Plaintiffs have responded with a timely memorandum in opposition. We affirm.

Plaintiffs continue to challenge the merits of the district court's order dismissing their complaint with prejudice. The joint motion to dismiss [RP 258] was filed pursuant to Rule 1-041(E)(1), which provides that "[a]ny party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim." The district court "should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff, . . . and, if not, whether he has been excusably prevented from taking such action." *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972). The trial court has discretion to determine a motion to dismiss for inactivity, and its decision will not be reversed except for abuse of discretion. *Id.* "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

Plaintiffs' complaint was filed on May 26, 2005. [RP 1] The district court dismissed Plaintiffs' complaint with prejudice on November 4, 2009. [RP 328] Plaintiffs filed a motion to set aside the order on November 30, 2009. [RP 341] In its order denying Plaintiffs' motion, the district court set forth a chronology of events

3

that supports its dismissal order, as well as its refusal to set aside the order under Rule 1-060(B) NMRA. [RP 402] Specifically, the court noted that the incident occurred nearly eight years earlier. [RP 403] Plaintiffs waited until the three year statute of limitations was nearly expired before filing their complaint. [RP 403] Plaintiffs went through six attorneys prior to the order denying the motion to set aside. [RP 404] Although one of these attorneys had apparently engaged in ethical violations, this amounted to a short period of time; otherwise there was no excusable neglect. [RP 403, ¶ 2; RP 404, ¶ 16] The district court based its decision on

> the litany of attorneys hired to represent Plaintiffs, the probability that at this point in the litigation, nearly eight years after the incident, that witnesses would not be available for trial, that Plaintiffs' witnesses and doctors would likely need to be re-deposed given the passage of time since the original depositions, and that there is no evidence in the record to indicate anything other than intentional delay by Plaintiffs.

[RP 405]

Throughout their memorandum in opposition, Plaintiffs argue that the dismissal should be set aside because they were not well-represented by their attorneys. However, attorney neglect absent additional facts demonstrating exceptional circumstances is not sufficient to invoke Rule 1-060(B)(6). *See Padilla v. Estate of Griego*, 113 N.M. 660, 665, 830 P.2d 1348, 1353 (Ct. App. 1992). We conclude that no exceptional circumstances appear here. To the extent that Plaintiffs believe that they themselves had improperly filed the complaint in Curry County and

4

there was improper venue [MIO 9], the issue was waived. *See* Rule 1-012(H) NMRA; *Sundance Mech. & Util. Corp. v. Atlas*, 109 N.M. 683, 690, 789 P.2d 1250, 1257 (1990) (stating that certain defenses such as lack of personal jurisdiction, improper venue, insufficiency of process or service of process must be asserted at the outset of an action or they are waived). In light of the abuse of discretion standard that governs this appeal, we affirm the district court's ruling.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**LINDA M. VANZI, Judge**