This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICHARD GABALDON, JR.,**

Petitioner-Appellant,

**vs.**                                             **No. 31,769**

**MARTHA MONTANO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth Whitefield, District Judge**

Elizabeth Stacy Vencill
Albuquerque, NM

for Appellants

James R. Beam
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Petitioner appeals an order of the district court refusing to enter supplemental findings of fact and conclusions of law. In our notice, we proposed to affirm. Petitioner has responded to our proposal. We have considered his arguments and not being persuaded, we affirm.

Petitioner's docketing statement raised a number of issues arguing violation of fundamental rights, violation of due process, and district court abuse. We proposed to affirm in large part because Petitioner's arguments were not clear and were unsupported by relevant authorities.

Petitioner responds that our notice did not address the jurisdictional issue. There was no jurisdictional issue raised in the docketing statement. Petitioner now appears to be arguing that the issue in this case was whether the district court had jurisdiction to enter supplemental findings and conclusions based on the record. [MIO 4] We do not view this as a jurisdictional issue. The district court's order does not state that it lacked jurisdiction to enter findings of fact and conclusions of law. It simply states that it will not do so. [DM RP 143] We believe that the district court had jurisdiction to enter the findings if it so desired. However, simply because a district court has jurisdiction to act does not mean that it must do so in any particular way. *See Sundance Mech. & Util. Corp. v. Atlas*, 109 N.M. 683, 687, 789 P.2d 1250, 1254 (1990) ("This Court has repeatedly noted that the jurisdiction of a district court does

2

not depend on how the court decides a contested issue submitted to it; the test is whether or not it had power to enter upon the inquiry; not whether its conclusion . . . was right or wrong." (internal quotation marks and citations omitted)). Therefore, the issue here is not whether the district court could act but whether it erred in refusing to rule as Petitioner requested.

Petitioner contends that the district court erred in denying his motion "with prejudice." [MIO 6, DS 11, 12] He argues that such language can have res judicata effect in the future. We fail to see why. The "with prejudice" language is included only in the order denying Petitioner's request for entry of supplemental findings and conclusions. We view the "with prejudice" language as simply stating that the district court will not entertain future motions for entry of supplemental findings and conclusions based on prior hearings. We do not agree with Petitioner's view of the language such that he will no longer be able to bring up the record of prior proceedings. There is nothing in the district court's order that can even remotely be construed as prohibiting Petitioner from referring in the future to matters that are of record in this case.

Petitioner argues that the district court should have made the oral findings of the domestic violence commissioner a part of the written record. As we pointed out in our notice, while it might be the better practice to have such findings in the written

3

record, those findings are nevertheless on the record in this case. Likewise, while written findings are more convenient for the court and the parties, the failure to have them does not rise to the level of a violation of due process or fundamental rights. We agree that judicial efficiency would be promoted by the written memorialization of oral findings of fact. But, Petitioner has cited us no authority and we know of none that requires district court judges to take the most judicially efficient road or risk being reversed by the appellate courts.

Petitioner's attempt to distinguish the authorities upon which we relied for general propositions is unpersuasive. Those cases were cited for the general proposition denoted in the parenthetical. They were not cited for their similarity to this particular case. Thus, any attempt by Petitioner to distinguish them on their facts is unavailing.

Further, Petitioner accuses this Court of giving an advisory opinion in our notice when we addressed the res judicata effect of the findings made by the domestic violence commissioner in a pending criminal case. We did so because it appeared to us that Petitioner's complaint was that without those findings, Respondent could argue in the criminal case that she was the victim when the commissioner had already found that they were both aggressors and both victims. This appeared to us in the nature of a res judicata argument. We simply pointed out that such findings could not be used

4

to prohibit a criminal prosecution based on the same facts and circumstances. We are simply stating that if this is the reason that Petitioner wants the findings entered, it is not persuasive.

Finally, Petitioner argues that the district court was biased because of actions that he contends evened the playing field. [MIO 13] Petitioner has cited us no authority in support of his contention that the district court was biased because it took actions perceived by one party to equalize the parties' positions. As we pointed out in our notice, simply because a district court rules against a party does not mean that it is biased. *State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993). Nor do we believe that actions allowing the parties to cool down where it is clear they are jockeying for position establishes bias.

For the reasons stated herein and the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

5

_____

**JONATHAN B. SUTIN, Judge**