This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK MELLON TRUST COMPANY,**

Plaintiff-Appellee,

v.                                                                                   **No. 33,780**

**JOAN S. HAMPTON, a/k/a JOAN SYDNEY HAMPTON, individually and as TRUSTEE OF THE JOAN HAMPTON TRUST UNDER TRUST AGREEMENT DATED JULY 16, 1997, and the UNKNOWN SPOUSE OF JOAN S. HAMPTON a/k/a JOAN SYDNEY HAMPTON, individually and as TRUSTEE OF THE JOAN HAMPTON TRUST UNDER TRUST AGREEMENT DATED JULY 16, 1997, if any,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Camille Martinez Olguin, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Joan S. Hampton
Burbank, CA

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Appellant Joan Hampton appeals the district court's denial of a motion for relief from a default judgment and decree of foreclosure that was entered in favor of The Bank of New York Mellon Trust Company (the Bank). The district court denied the motion on the ground that the motion was signed and submitted by Ms. Hampton's son, who was not a party to this case. On appeal, Ms. Hampton abandoned any argument challenging the grounds for the district court's ruling by failing to raise the issue in her brief in chief. Accordingly, we affirm.

**BACKGROUND**

{2}     In 2006 Ms. Hampton obtained a loan secured by a mortgage on a property in Rio Rancho, New Mexico. After September 1, 2010, Ms. Hampton defaulted on the loan by failing to make payments. In October 2011, the Bank filed a complaint for foreclosure against Ms. Hampton. As reflected by Ms. Hampton's signature confirming her receipt of delivery via UPS, Ms. Hampton was served in November 2011 with a copy of the complaint and a summons requiring her to answer the complaint. Ms. Hampton did not answer the complaint, and in May 2012, the district court entered a default judgment and a decree of foreclosure in favor of the Bank.

**{3}** In August 2012, Ms. Hampton's son, Adonis Hampton, who is neither a party to the foreclosure action nor an attorney, filed a motion for relief from the default judgment pursuant to Rule 1-060(B) NMRA. *See id.* (providing that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for" any of six enumerated reasons). In its response to the motion for relief from default judgment, the Bank requested that the pleading be stricken on the basis that Mr. Hampton is not a named defendant in the foreclosure action.

**{4}** The district court appointed a hearing officer before whom a hearing on the motion for relief from default judgment was to be heard, and in February 2013, the hearing officer held the hearing. Ms. Hampton and Mr. Hampton appeared at the February 2013 hearing telephonically. At this hearing, the Bank reasserted its objection to any filings or arguments made by Mr. Hampton on the ground that he is neither an attorney nor a party in the case.

**{5}** In response, Mr. Hampton argued that there was an "assignment of litigation rights filed with the court" and that he is the "real party in interest so [he] would be representing the case . . . in [his] name[,]" which he asserted Rule 1-017 NMRA allows him to do. Prior to the hearing, Mr. Hampton had apparently submitted to the hearing officer a motion for substitution of parties that attached an assignment of

litigation rights, but the motion had not been filed with the court. The record reflects that the motion was filed approximately three weeks after the hearing. The hearing officer reviewed the substitution of parties motion, but because the district court had not directed the hearing officer to consider that matter, the hearing officer declined to consider the legal issue whether, pursuant to Rule 1-025(C) NMRA, governing substitution of parties, Mr. Hampton could be substituted for Ms. Hampton in this case. *See id.* ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."). In sum, the hearing officer expressly declined to make any ruling on the issue of Mr. Hampton's assignment-of-litigation-rights argument and as a result of that also expressly declined to rule on the legality of Mr. Hampton's appearance at the hearing.

**{6}** The hearing officer then addressed Ms. Hampton directly asking whether, so as to reach the merits of the motion for relief from default judgment, Ms. Hampton could answer some questions; before Ms. Hampton could respond, however, Mr. Hampton interrupted and stated that Ms. Hampton was "not prepared to move forward." After reiterating that it would not rule on the issue whether Mr. Hampton had the authority to proceed on Ms. Hampton's behalf, the hearing officer determined that it would proceed to address the merits of the motion for relief from default

judgment and allow the parties to "sort out the rest of it . . . later." Having heard the Bank's arguments as well as those made by Mr. Hampton both orally and in the motion for relief from default judgment, the hearing officer determined that there was no basis to grant the motion for relief from default judgment.

{7}     The district court, having heard the arguments made before the hearing officer and "being otherwise apprised of the facts of the case" entered an order denying the motion for relief from default judgment. As reflected in the order, the district court's sole reason for denying the motion was that "Adonis Hampton is not a party to this case[.]" Ms. Hampton appeals from the district court's order denying the motion for relief from default judgment.

{8}     On appeal, Ms. Hampton raises a number of issues addressed to the underlying merits of the motion for relief from default judgment. In her brief in chief, Ms. Hampton does not challenge the sole basis of the district court's order denying the motion for relief from default judgment, thereby abandoning that issue on appeal. Because Ms. Hampton abandoned any argument challenging the basis of the district court's order, she has failed to demonstrate that reversal is required. We affirm the district court's order denying the motion for relief from default judgment on the ground that Mr. Hampton is not a party, accordingly, we do not address Ms. Hampton's arguments concerning the merits of the motion.

5

**DISCUSSION**

**{9}** "A trial court has discretion to determine whether a judgment should be set aside" or reopened. *Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 16, 108 N.M. 528, 775 P.2d 730. "Although a judgment by default is not favored, reversal by [the appellate court] is warranted only if there is a showing of an abuse of discretion[.]" *Sundance Mech. & Util. Corp. v. Atlas*, 1990-NMSC-031, ¶ 30, 109 N.M. 683, 789 P.2d 1250 (citation omitted). "The burden is upon the appellant to show that the trial court abused its discretion, and this burden is a heavy one in view of the requirement that there be a patent showing of abuse of discretion or manifest error in the trial court's exercise of that discretion[.]" *Id.* (citation omitted). In reviewing an issue on appeal, this Court presumes "that the district court is correct and that the burden is on the appellant to clearly demonstrate the district court's error." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (internal quotation marks and citation omitted).

**{10}** The district court denied the motion for relief from default judgment solely on the ground "that Adonis Hampton is not a party to this case[.]" In her brief in chief on appeal, Ms. Hampton ignores the district court's stated reason for denying the motion for relief from default judgment. Instead of addressing the question whether the district court erred in denying the motion on the ground that Mr. Hampton is not a

6

party, Ms. Hampton raises ten issues, none of which were the subject of the court's order, in support of her overall contention that the district court should have granted the motion for relief from default judgment.

{11}     By failing in her brief in chief to address whether the district court erred in denying the motion for relief from default judgment on the ground that Mr. Hampton is not a party, Ms. Hampton has abandoned the issue. *Magnolia Mountain Ltd., P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 34, 139 N.M. 288, 131 P.3d 675 ("[A]n issue is abandoned on appeal if it is not raised in the brief in chief."). Since the district court's order was based solely on the ground that Mr. Hampton is not a party and Ms. Hampton has abandoned any argument concerning whether the district court abused its discretion by denying the motion on that ground, Ms. Hampton has provided no basis for reversal. *Sundance Mech. & Util. Corp.*, 1990-NMSC-031, ¶ 30 (stating that it is the appellant's burden to demonstrate that the district court's denial of relief from a default judgment constitutes an abuse of discretion that requires reversal); *see also Wilde*, 2010-NMCA-085, ¶ 30 (stating that this Court presumes that the district court is correct and it is the appellant's burden to clearly demonstrate otherwise). Accordingly, we affirm the district court's order.

{12}    Because we affirm on the foregoing ground, we need not and do not consider the issues that Ms. Hampton raises in her brief in chief, none of which were the subject of any ruling entered by the district court.

**CONCLUSION**

{13}    The district court's order denying the motion for relief from default judgment is affirmed.

{14}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**RODERICK T. KENNEDY, Judge**